[No. F023418. Fifth Dist. May 15, 1995.]

KARL S., Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, Real Party
in Interest.

COUNSEL

Jose R. Villarreal, Public Defender, and Nancy Schultz, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Phillip S. Cronin, County Counsel, and William G. Smith, Deputy County Counsel, for Real Party in Interest.

OPINION

**DIBIASO, J.**—Petitioner Karl S. seeks extraordinary writ relief (Welf. & Inst. Code[1], § 366.26, subd. (*l*); Cal. Rules of Court, rule 39.1B (rule 39.1B)) from respondent court's order that a section 366.26 hearing be held on May 17, 1995. He challenges the juvenile court's finding, subsumed within the order, that reasonable efforts were made to reunite him with his child, Anthony S., born March 10, 1990. We will dismiss the petition as untimely. We publish to notify counsel of the strict application we give to the time limits set by rule 39.1B(f).

FACTS

In June 1991, real party in interest Fresno County Department of Social Services (the department) detained Anthony, then approximately 15 months old, based on allegations of physical abuse by his mother. At the time of his detention, Anthony did not reside with his father. The court adjudged the minor a dependent child, but left him in his mother's custody and ordered family maintenance services. Based on a supplemental petition (§ 387) alleging further abuse by the mother, the court conducted additional proceedings in May 1992, which resulted in Anthony's removal from his mother's custody and an order for reunification services for both parents.

Between May 1992 and January 1995, the father was in and out of custody several times. When the juvenile court terminated reunification efforts for the mother in June 1993, the court pursued reunification with the father until October 1993. On the virtual eve of a scheduled section 366.26 hearing in early 1994, the department recommended, and the court approved, an extended visit for Anthony in his father's home. This extended visit evolved into a placement with family maintenance services until August 1994, when the father was arrested on a second parole violation. The department filed a

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

supplemental petition alleging the father's arrest and recommending foster care placement for Anthony. After numerous continuances, the case was set for a January 9, 1995, jurisdictional and dispositional hearing on the supplemental petition, as well as a status review hearing. The father remained incarcerated throughout this period.

At the January 9th hearing, which the father did not attend, the parties stipulated that Anthony required a higher level of attention and should be removed from his father's care and placed with his maternal grandmother, with whom he had spent most of his time as a dependent child. The court then proceeded to the status review. The parties, including counsel for the father, submitted on a social worker's report and without argument.

The court found reasonable services had been offered to the father and terminated further services for him. Finding that it would be detrimental to return Anthony to parental custody, the court set a section 366.26 hearing for May 17, 1995. The court, pursuant to section 366.26, subdivision (*l*)(3)(A), directed the clerk to mail notice of the order to the father at the state prison in Wasco.[2] On January 11, 1995, the clerk of the superior court served such notice on the father.

On January 24, 1995, counsel for the father applied for and obtained an ex parte order to set a January 31st hearing for "provision of reunification services." The expressed reason for the application was that the "child has never been legally removed from his father; reunification services although terminated on 1/9/94 [*sic*] have not been provided; no allegations regarding the father have ever been found true."

On January 31, 1995, the court conducted a hearing devoted solely to argument. Counsel for the father claimed the court could not terminate services for the father because he never had the benefit of a court-ordered service plan and Anthony had never been formally removed from his father's custody before January 1995. Counsel asked the court to provide services to the father starting from the preceding January 9th hearing date. It is undisputed that the motion was one to correct the minute order terminating

---

[2] Section 366.26, subdivision (*l*)(3)(A) provides: "[a] trial court, after issuance of an order directing a hearing pursuant to this section be held, shall advise all parties of the requirement of filing a petition for extraordinary writ review as set forth in this subdivision in order to preserve any right to appeal in these issues. This notice shall be made orally to a party if they are present at the time of the making of the order or by first-class mail by the clerk of the court to the last known address of a party not present at the time of the making of the order."

reunification services and not a motion pursuant to section 388.[3] The court continued the matter for briefing.

On March 14, 1995, after further argument, the court reaffirmed its January 9th finding that reasonable services were offered and its contemporaneous order that services be terminated. Near the end of this hearing, county counsel and counsel for the minor took the position, for the first time, that the juvenile court was not the proper forum for the father's claims and that he should have raised his contentions by a petition for extraordinary relief in the Court of Appeal.

On March 21, 1995, counsel for the father filed a "notice of intent to file writ petition and request for record form" (notice of intent). The father's petition was ultimately filed on April 19, 1995.

## DISCUSSION

The department asks this court to dismiss the petition. Specifically, it contends the father's notice of intent was not timely filed under the recently enacted section 366.26, subdivision (*l*) and rule 39.1B. The department is correct.

Section 366.26, subdivision (*l*) provides:

"(1) An order by the court that a hearing pursuant to this section be held is not appealable at anytime unless all of the following applies:

"(A) A petition for extraordinary writ review was filed in a timely manner.

"(B) The petition substantively addressed the specific issues to be challenged and supported that challenge by an adequate record.

"(C) The petition for extraordinary writ review was summarily denied or otherwise not decided on the merits.

"(2) Failure to file a petition for extraordinary writ review within the period specified by rule, to substantively address the specific issues challenged, or to support that challenge by an adequate record shall preclude subsequent review by appeal of the findings and orders made pursuant to this section.

"(3) The Judicial Council shall adopt rules of court, effective January 1, 1995, to ensure all of the following:

---

[3] A section 388 motion refers to a petition which seeks to change, modify or set aside a juvenile court order upon grounds of changed circumstances or new evidence. (§ 388.)

"(A) A trial court, after issuance of an order directing a hearing pursuant to this section be held, shall advise all parties of the requirement of filing a petition for extraordinary writ review as set forth in this subdivision in order to preserve any right to appeal in these issues. This notice shall be made orally to a party if they are present at the time of the making of the order or by first-class mail by the clerk of the court to the last known address of a party not present at the time of the making of the order.

"(B) The prompt transmittal of the records from the trial court to the appellate court.

"(C) That adequate time requirements for counsel and court personnel exist to implement the objective of this subdivision.

"(D) That the parent or guardian, or their trial counsel or other counsel, is charged with the responsibility of filing a petition for extraordinary writ relief pursuant to this subdivision.

"(4) The intent of this subdivision is to do both of the following:

"(A) Make every reasonable attempt to achieve a substantive and meritorious review by the appellate court within the time specified in Sections 366.21 and 366.22 for holding a hearing pursuant to this section.

"(B) Encourage the appellate court to determine all writ petitions filed pursuant to this subdivision on their merits.

"(5) This subdivision shall only apply to cases in which an order to set a hearing pursuant to this section is issued on or after January 1, 1995."

Rule 39.1B, which implements the statute, in particular requires a party to file a notice of intent with the clerk of the juvenile court within seven days of the date of the order setting a hearing under section 366.26. (Rule 39.1B(f).) This period is extended five days if the party received notice of the order setting the section 366.26 hearing only by mail. (*Ibid.*)

In this case, as we noted earlier, the juvenile court ordered a section 366.26 hearing on January 9, 1995, and the county clerk served the father notice by mail. Thus, under rule 39.1B(f) the father or his counsel should have filed a notice of intent on or before January 21. Instead, counsel filed a notice of intent on March 21.

Section 366.26, subdivision (*l*) and rule 39.1B are intended to provide for the expeditious resolution of a challenge to an order for a section 366.26

hearing. (Rule 39.1B(a).) To carry out this goal, rule 39.1B prescribes numerous, successive time limits for completing the writ process described in rule 39.1B. For instance, within approximately 10 days of the filing of the notice of intent, the record must be prepared and filed with the reviewing court. (Rule 39.1B(g).) In turn, the petition must be filed within 10 days thereafter. (Rule 39.1B(k).) In other words, rule 39.1B envisions that the petition itself will be filed within about one month after the date of the order setting the section 366.26 hearing.

The restricted time frame set out in rule 39.1B is compelled by the fact that the juvenile court must set the section 366.26 hearing no later than 120 days from the date of the enabling order. (See, e.g., § 366.22, subd. (a).) The legislative intent underlying section 366.26, subdivision (*l*) includes an attempt to provide for "a substantive and meritorious review by the appellate court" of the order setting a section 366.26 hearing "within the time specified in Sections 366.21 and 366.22 for holding a hearing pursuant to [section 366.26]" (§ 366.26, subd. (*l*)(4)(A)). To carry out this legislative intent and in recognition of the critical need to resolve a petition before the section 366.26 hearing, rule 39.1B attaches great importance to the prompt filing of a notice of intent; the first sentence of subpart (f) of the rule reads: *"To permit determination of the writ petition prior to the scheduled date for the hearing under section 366.26 of the Welfare and Institutions Code on the selection of the permanent plan, a notice of intent to file a writ petition and request for record shall be filed with the clerk within 7 days of the date of the order setting a hearing under section 366.26."* (Rule 39.1B(f), italics added.)

Because the father's notice of intent was late, the record was not prepared until more than two months, and the petition was not filed until more than three months, after the issuance of the order setting the section 366.26 hearing. As a result, oral argument (see rule 39.1B(o)) was by necessity calendared less than a week before the scheduled section 366.26 hearing in the juvenile court, leaving this court with virtually no time to consider and decide the substantive and procedural issues raised by the father's petition. Rule 39.1B(n) does permit a reviewing court to grant a stay of the section 366.26 hearing if "the petition for extraordinary writ raises issues of substantial complexity and adequate review requires extraordinary research and analysis." However, we cannot fit within this authorization a stay necessitated entirely by the substantial untimeliness of the father's notice of intent and petition.

Accordingly, we hold that the father's failure to file a notice of intent within the applicable time limit established by rule 39.1B requires the

dismissal of his subsequently filed petition for extraordinary review and precludes him from raising issues related to the order setting a section 366.26 hearing on appeal from a section 366.26 order (§ 366.26, subd. (*l*) (2)).

We are satisfied, in view of the legislative intent disclosed by section 366.26, subdivision (*l*)(4)(A), that the time standards of rule 39.1B are mandatory rather than directory. (See *Chrysler Corp.* v. *New Motor Vehicle Bd.* (1993) 12 Cal.App.4th 621, 629-630 [15 Cal.Rptr.2d 771].) We recognize that section 366.26, subdivision (*l*) and rule 39.1B encourage a review of the merits of a petitioner's arguments. (§ 366.26, subd. (*l*)(4)(A) & (B); rule 39.1B (a), (b) & (m).) However, such encouragement is neither a directive nor a license to ignore the deadlines established by the rule. In this respect, we note section 366.26, subdivision (*l*)(1) and (2) requires the filing of a timely petition as a condition precedent to review on the merits. Thus, an untimely petition, in the absence of some good cause showing to explain the delay, constitutes an exception, or in the words of rule 39.1B (m) "exceptional circumstances," to excuse the appellate court's responsibility to decide the petition on the merits.

Nothing in the instant record warrants relieving the father from his default. The father claims his notice of intent should be found to be timely because the juvenile court reconsidered the case in late January and again in mid-March.[4] He implies the court's reaffirmation of its prior finding of reasonable services and its order terminating services operated to reset the clock which kept the time within which a notice of intent was required to be filed. We cannot agree. Rule 39.1B expressly provides that the order setting a hearing under section 366.26 triggers the requirement to file a notice of intent, not any other order or finding.

The father also states that the department is in no position to seek dismissal of the petition because it participated in the late-January and mid-March proceedings without objection until the conclusion of the March hearing. We are not certain what legal point the father intends to make by this assertion. If he means to say that the department was required to raise in the juvenile court the father's failure to file a notice of intent or petition within the times prescribed by rule 39.1B, in order to preserve the issue for appellate purposes when the father subsequently filed his notice of intent and

---

[4]The father does not argue he or his attorney was unaware of the new procedures embodied in section 366.26, subdivision (*l*), and rule 39.1B. In fact, the record reveals counsel knew of the statute and the implementing rule from the outset and chose to pursue the matter in the trial court. In counsel's opinion, a writ could not be properly taken unless the issues she raised were first resolved by the trial court.

petition, he is obviously wrong. Whether a notice or writ petition is presented within the period specified in rule 39.1B is a question for this court, not the trial court, to determine. (See rule 39.1B(a).) An objection in the juvenile court on rule 39.1B grounds would have served no purpose.

DISPOSITION

The petition is dismissed.

Martin, Acting P. J., and Stone (W. A.), J., concurred.