[No. A069540. First Dist., Div. Five. June 12, 1995.]

ROXANNE H., Petitioner, v.
THE SUPERIOR COURT OF HUMBOLDT COUNTY, Respondent;
HUMBOLDT COUNTY DEPARTMENT OF SOCIAL SERVICES, Real
Party in Interest.

**COUNSEL**

Joyce D. Hinrichs for Petitioner.

Stephen R. Nielson, County Counsel, and Laura Simpson, Deputy County Counsel, for Real Party in Interest.

**OPINION**

**THE COURT.**[1]—Petitioner Roxanne H. is the mother of four dependent children of the juvenile court, Jessica G., Samantha G., Brandi G., and O'Ryan G. Pursuant to California Rules of Court, rule 39.1B, petitioner filed a petition for extraordinary relief seeking review of the trial court's order setting a permanency planning hearing pursuant to Welfare and Institutions

---

[1]Before Peterson, P. J., King, J., and Haning, J.

Code section 366.26.[2] In her petition, she acknowledges that she was "not in compliance with the court-ordered [reunification] services agreement"; however, she claims she "has now stabilized her life and is in a position or would be in a position to parent the children on a full-time basis by July 10, 1995 (18 months from the original detention)." We will dismiss the petition as untimely. We publish this opinion to caution parties that we interpret the time deadline set out in rule 39.1B(k) for filing a writ petition to be mandatory.

*Procedural History*

By this writ proceeding, petitioner seeks review of the court's ruling made at the 12-month review hearing setting the matter for a hearing pursuant to section 366.26. In taking this action, the court chronicled petitioner's inability to meet the physical and emotional needs of her children due to her drug addiction and involvement in an abusive relationship. The court's written decision entered on February 23, 1995, noted: "After 13 months of services there has been a failure to meet even one objective [of the reunification plan]. The court does not see any possibility that these two parents will change eight years of bad parenting habits in the next five months. There appears to be no reason to believe that the children will be returned to either parent within that five month period which marks the eighteen month limit. The services agreed upon, offered and not used were basic, appropriate services which could have allowed return had they been used." The court ordered that a section 366.26 hearing be set for June 14, 1995.

On April 20, 1995, petitioner's attorney was notified that the record was filed with this court. (See rule 39.1B(g).)[3] The notice specifically states: "Any petition for extraordinary writ seeking review of the order setting a

---

[2]Recent amendments to the Welfare and Institutions Code provide that a petition for extraordinary relief is generally the exclusive means by which an aggrieved party may challenge an order setting a permanency planning hearing. (Welf. & Inst. Code, § 366.26, subd. (*l*).) These petitions for extraordinary relief are governed by procedures set forth in rule 39.1B. A discussion of the amendments and the rule 39.1B procedures is presented in *In re Shaundra L.* (1995) 33 Cal.App.4th 303, 306-316 [39 Cal.Rptr.2d 299].)

All statutory references in this opinion are to the Welfare and Institutions Code. All rule references are to the California Rules of Court.

[3]Although not required under the new procedures, the First Appellate District has developed a form "Notice of Filing of Record" which is routinely mailed to the parties' designated representatives once a complete record is assembled and certified as correct. (See rule 39.1B(g).) This notice fully explains the right to file a petition and the consequences for failing to do so. Because this notice is served on the parties by mail, we have interpreted the requirement of rule 39.1B(k), that the writ petition be served and filed within 10 days after the record is complete, to be subject to the time extension provisions of Code of Civil Procedure section 1013, subdivision (a), applicable to mailed notices. That section provides that the time within which a right may be exercised or an act done after service of notice by mail is

hearing under Welfare and Institutions Code section 366.26 must be served and filed on or before 5:00 p.m. on May 5, 1995." (Rule 39.1B(k).) The notice went on to spell out the consequences of not filing a petition within the prescribed period. "Failure to file a timely writ petition by this date shall preclude subsequent review in any appellate proceeding of the order setting the hearing under Welfare and Institutions Code section 366.26." The petition was filed three days late on May 8, 1995. Real party in interest, Humboldt County Department of Social Services, contends that petitioner's failure to file a petition within the applicable time limit requires the dismissal of the petition.

*Timeliness*

The new writ procedures embodied in section 366.26, subdivision (*l*), and implemented by rule 39.1B consistently view the *timely* filing of a writ petition as a condition precedent for achieving a review on the merits of an order setting a section 366.26 hearing. Section 366.26, subdivision (*l*), provides: "(1) An order by the court that a hearing pursuant to this section be held is not appealable at any time unless all of the following applies: [¶] (A) A petition for extraordinary writ review was filed *in a timely manner*." (Italics added.) The section goes on to provide that a petition that facially shows itself to be too late when measured by the guidelines set out in rule 39.1B(k) is insufficient to invoke a judicial inquiry into the challenged order: "(2) Failure to file a petition for extraordinary writ review *within the period specified by rule* . . . shall preclude subsequent review by appeal of the findings and orders made pursuant to this section." (Italics added.) Consequently, the filing of a petition within 10 days of the preparation of the record as mandated by rule 39.1B(k) is a clear requirement for the right to a review on the merits of an order setting a section 366.26 hearing.

There is authority for the proposition that *all* of the time deadlines for disposition of the various steps provided by rule 39.1B are mandatory. In *Karl S.* v. *Superior Court* (1995) 34 Cal.App.4th 1397 [41 Cal.Rptr.2d 84] the court dismissed a father's petition for extraordinary review for failure to file a notice of intent to file a writ petition within the applicable time limit established by rule 39.1B. In so holding, the court announced "that the time standards of rule 39.1B are mandatory rather than directory." (34

extended five days if the notice is mailed within California. Thus, petitioner in this case was given a total of 15 days following deposit in the mail of the "Notice of Filing Record" within which the petition had to be filed.

Cal.App.4th at p. 1404.) However, carrying the broad language of that decision to its logical conclusion would allow review of a petitioner's claims to be thwarted because of late preparation and transmittal of the record, a late request for augmentation, or the filing of a late "respondent's brief."[4] Thus, the consequence of strictly enforcing all of the time frames prescribed by rule 39.1B by threat of dismissal would place the petitioner in the untenable position of suffering the consequence for untimely filings over which he or she has no control.

We emphasize that our case is in a different posture than *Karl S.* and we are not in a position to agree or disagree with its holding. We are concerned only with the time deadline set out in rule 39.1B for filing a timely petition—and, as noted above, when the Legislature has explicitly provided that the exclusive means for obtaining a decision on the merits on issues related to the order setting a section 366.26 hearing is to first file a *timely* petition for writ relief, we have no problem in finding that the time deadline for filing a petition should be construed as mandatory. Moreover, despite *Karl S.*'s flexible view of a "good cause showing to explain the delay" which would presumably enlarge beyond the prescribed period the filing deadlines established by rule 39.1B, we are wary of grants of relief as they apply to extending the deadline for filing a timely petition. (*Karl S.* v. *Superior Court*, *supra*, 34 Cal.App.4th at p. 1404.) To begin with, a loose interpretation of "good cause" would convert the 10-day period for filing a timely petition provided by rule 39.1B(k) into an open-ended one—a result clearly not intended by the rule's framers, who were concerned with expediting the review procedure in these cases. Secondly, as a practical matter, there ought to be great difficulty in finding a good cause for any delay at this stage of the proceedings in view of the ease with which the writ may be perfected—generally accomplished by filling out a simple form document prepared by the Judicial Council. However, resolution of the scope of the "good cause" doctrine for excusing an untimely petition is unnecessary in this case since petitioner does not attempt to show that her failure to fulfill the time requirements of rule 39.1B(k) was due to good cause.

Thus, we hold petitioner's failure to file her petition within the applicable time limit established by rule 39.1B requires the dismissal of her petition for extraordinary writ. Petitioner is barred in any subsequent appeal from

---

[4]As recently pointed out by the court in *Steven J.* v. *Superior Court* (1995) 35 Cal.App.4th 798 [41 Cal.Rptr.2d 731], the reference to "any respondent's brief" in rule 39.1B(k) is an oversight. We too interpret it to mean "any response or opposition, whether it be filed by the respondent court or a real party in interest." (35 Cal.App.4th 798 at p. 810, italics omitted.)

making further challenges to the order setting a hearing under section 366.26. (See § 366.26(*l*)(2).) Since the permanency planning hearing is set for June 14, 1995, this opinion is final as to this court forthwith. (Rule 24(d).)