[No. A071305. First Dist., Div. Five. Nov. 14, 1995.]

JONATHAN M., Petitioner, v.
THE SUPERIOR COURT OF MENDOCINO COUNTY, Respondent;
MENDOCINO COUNTY DEPARTMENT OF SOCIAL SERVICES, Real
Party in Interest.

**COUNSEL**

Mason & Morrison and Timothy J. Morrison for Petitioner.

No appearance for Respondent.

H. Peter Klein, County Counsel, and Sandra L. Applegate, Deputy County Counsel, for Real Party in Interest.

## OPINION

**THE COURT.**[1]—Petitioner Jonathan M. is the father of Renea M., a dependent child of the juvenile court. Pursuant to California Rules of Court, rule 39.1B, petitioner filed a petition for extraordinary relief seeking review of the trial court's order setting a permanency planning hearing pursuant to Welfare and Institutions Code section 366.26.[2] The hearing is currently scheduled for November 16, 1995. We dismiss the petition for the untimeliness of the rule 39.1B notice of intent. (Rule 39.1B(f).)

Both petitioner and real party in interest Mendocino County Department of Social Services (the Department) have set out a complete factual history of the juvenile court proceedings to date. We see no need to recount that history herein in any significant detail. Briefly, seven-month-old Renea was taken into protective custody after her parents were arrested and turned over to juvenile authorities on drug-related charges. At the time Renea was detained, petitioner was 16 years old. When the police stopped her parents' vehicle, Renea had no clothing except for a blanket and she was not in a car seat. Hypodermic needles and methamphetamine were found in Renea's diaper bag.

On August 2, 1995, a 12-month review hearing was held. During the 12-month reunification period, petitioner had only minimal contact with Renea and the Department. His drug use continued and he suffered intermittent periods of incarceration at the Mendocino County Juvenile Hall, the Shasta County Juvenile Hall, and two facilities operated by the California Youth Authority (CYA). Petitioner had not made significant progress toward fulfilling any of the requirements of the reunification plan, and he was incarcerated at a CYA facility at the time of the 12-month hearing. Petitioner's counsel acknowledged that petitioner's anticipated release date of February 1996, made his future "ability to reunify . . . extremely limited." The court terminated reunification services and concluded that a hearing be set pursuant to section 366.26 for implementation of a permanent plan for the child.

This petition followed. ■ The Department has submitted an opposition brief which urges that we dismiss this petition because petitioner's

---

[1]Before Peterson, P. J., King, J., and Haning, J.

[2]Recent amendments to the Welfare and Institutions Code provide that a petition for extraordinary relief is generally the exclusive means by which an aggrieved party may challenge an order setting a permanency planning hearing. (Welf. & Inst. Code, § 366.26, subd. (*l*).) These petitions for extraordinary relief are governed by procedures set forth in rule 39.1B. A discussion of the amendments and the rule 39.1B procedures is presented in *In re Shaundra L.* (1995) 33 Cal.App.4th 303, 306-316 [39 Cal.Rptr.2d 299]. All statutory references in this opinion are to the Welfare and Institutions Code. All rule references are to the California Rules of Court.

notice of intent to file a writ petition was filed by the juvenile court clerk one day past the deadline.[3] (Rule 39.1B(f).) "Absent exceptional circumstances the appellate court shall review the [rule 39.1B] petition . . . and decide it on the merits." (Rule 39.1B(m); see also § 366.26, subd. (*l*)(4)(B).) The filing of a writ petition outside the 10-day period prescribed by rule 39.1B(k) has been recognized by this court as an "exceptional circumstance" which excuses the court from determining a petition on its merits and warrants its dismissal. (See *Roxanne H.* v. *Superior Court* (1995) 35 Cal.App.4th 1008 [41 Cal.Rptr.2d 760].) Recent appellate decisions offer a comparably strict interpretation of the 10-day filing deadline for writ petitions. (See *Steve J.* v. *Superior Court* (1995) 35 Cal.App.4th 798, 807 [41 Cal.Rptr.2d 731]; *Joyce G.* v. *Superior Court* (1995) 38 Cal.App.4th 1501, 1511-1513 [45 Cal.Rptr.2d 805].)

We have found only one reported case that characterizes *all* the filing deadlines set out in rule 39.1B as mandatory. In *Karl S.* v. *Superior Court, supra,* 34 Cal.App.4th 1397, the court held that petitioner's failure to file a notice of intent to file a writ petition within the time limit established by the rule required dismissal of his subsequently filed petition for extraordinary review. In so holding, *Karl S.* warned counsel "of the strict application we give to the time limits set by rule 39.1B(f) [for filing a notice of intent]." (*Id.* at p. 1399.) The court further declared "that the time standards of rule 39.1B are mandatory rather than directory." (*Id.* at p. 1404.)

In *Roxanne H.* we expressed concern that "the consequence of strictly enforcing all of the time frames prescribed by rule 39.1B by threat of dismissal would place the petitioner in the untenable position of suffering the consequence for untimely filings over which he or she has no control." (*Roxanne H.* v. *Superior Court, supra,* 35 Cal.App.4th at p. 1012.) For instance, a writ petitioner could hardly be subject to the sanction of dismissal, or any other sanction, for the failure of a county clerk to timely prepare the record, the failure of the real party in interest to timely file an opposition to the petition, or the failure of the reviewing court to timely hold oral argument. It would be problematic indeed if *all* time frames of rule 39.1B are considered mandatory.

---

[3]The 12-month review hearing in this case was heard on August 2, 1995. Petitioner was not present although he was represented by counsel. On the same day, the deputy superior court clerk mailed Judicial Council forms JV-820 (notice of intent) and JV-825 (petition for extraordinary writ) to petitioner at the CYA. The fact that petitioner received notice of the order setting the section 366.26 hearing by mail extended the normal seven-day period for filing a notice of intent by five additional days. (Rule 39.1B(f); *Karl S.* v. *Superior* Court (1995) 34 Cal.App.4th 1397, 1402 [41 Cal.Rptr.2d 84].) Thus, petitioner in this case was given a total of 12 days following deposit in the mail of the Judicial Council forms within which the notice of intent had to be filed with the clerk of the juvenile court. It follows that petitioner's notice of intent, filed on August 15, 1995, was filed a day too late. It should have been filed no later than August 14, 1995, the last day of rule 39.1B(f)'s 12-day period.

We do not embrace the logical consequences of the broad language of *Karl S.*, but we do agree with its holding: a notice of intent to file a writ petition pursuant to rule 39.1B must be timely filed. Unlike the interim time standards referred to above, the time period for the filing of a notice commences the writ proceedings challenging the order setting the section 366.26 hearing. The Legislature has made it very clear that these appellate proceedings are to be expedited; indeed, we as reviewing courts cannot even stay the section 366.26 hearing absent extraordinary circumstances. The notice of appeal triggers the preparation of the record, and in turn the filing of the petition and response, all of which must be read and evaluated by the reviewing court in sufficient time for resolution of the writ petition prior to the section 366.26 hearing, which often fast approaches. If the notice of intent starts the proceedings late, they will finish late. The time elapsed between the kickoff and the final gun is fixed: if the former is delayed the latter is delayed.

A bright-line rule of notice of intent timeliness is the only practical way to administer rule 39.1B writs. One could argue a delay of one day may not have a practical negative impact. But what of a delay of one week? two weeks? three? a month? six weeks? And where is the reviewing court to draw a magical line between late notices which cause no harm and those that do?

The notice must be timely filed. This is not an onerous burden. The notice of intent is a simple one-page form. Indeed, in this age of government bureaucracy it is a model of directness. It asks only for the name, address, and telephone number of the petitioner, his or her relationship to the child, and the date of the hearing at which the section 366.26 hearing was set. It can be filled out in minutes by even the least intellectually gifted. Counsel may assist. Counsel, in a case such as this one where the parent is incarcerated and therefore not present at the hearing which sets the section 366.26 hearing, may fill out the form and file it on behalf of the client.[4] After all, unless trial counsel's representation ceases and the parent is in propria persona, "[t]rial counsel for the petitioning party . . . is responsible for filing the petition for extraordinary writ." (Rule 39.1B(h).) If cessation of representation is contemplated at the conclusion of the hearing at which the section 366.26 hearing is set, counsel may still file a client-authorized notice of intent. A criminal trial lawyer does not commit himself to years of appellate representation simply by promising to file a timely notice of appeal as his soon-to-be former client is led off in handcuffs.

---

[4] Provided they do so with the client's authorization. (*Guillermo G. v. Superior Court* (1995) 33 Cal.App.4th 1168 [39 Cal.Rptr.2d 748].) Counsel need only attach a declaration to the notice stating it is client authorized.

We agree with *Karl S.* that a petitioner in default by the filing of a late notice of intent may obtain relief from that default for good cause shown. (*Karl S.* v. *Superior Court*, *supra*, 34 Cal.App.4th at p. 1404.) Although the issue of untimeliness was raised by real party in interest in its opposition to the writ petition, counsel for petitioner has made no attempt to show good cause for relief from default. (Such a showing could have been made in a letter or declaration submitted to this court.) We see no indication in this record of any delay in filing of the notice of intent attributable to someone other than petitioner, e.g., a court officer or a custody official at the CYA facility in which petitioner is incarcerated.

Absent a showing of good cause we are obligated to dismiss the petition for the untimeliness of the notice of intent. Accordingly, the petition is herein dismissed.

Because petitioner failed to timely initiate the writ proceedings to challenge the setting of the section 366.26 hearing, he is barred in any subsequent appeal from making further challenges to the order terminating reunification services and setting a hearing under section 366.26. (See § 366.26, subd. (*l*)(1) & (2).) Since the permanency planning hearing is set for November 16, 1995, and petitioner has waived oral argument, this opinion is final as to this court forthwith. (Rule 24(d).)