[No. F030202. Fifth Dist. Dec. 15, 1998.]

In re CATHINA W., a Person Coming Under the Juvenile Court Law.
FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff
and Respondent, v.
BESSIE W., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

## COUNSEL

Janice A. Jenkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Phillip S. Cronin, County Counsel, and Holley H. Perez, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**DIBIASO, J.**—Bessie W. appeals from an order terminating her parental rights (Welf. & Inst. Code, § 366.26) to her daughter, Cathina W.[1] She attacks findings previously made by the juvenile court at the time it set the matter for the section 366.26 permanency planning hearing. Subdivision (*l*) of section 366.26 would ordinarily forbid our consideration of these issues because the mother did not first pursue extraordinary writ review of the order setting the section 366.26 hearing (the setting order). However, the juvenile court did not give timely or correct notice of the entry of the setting order. We will therefore review on this appeal the findings made when the juvenile court ordered the section 366.26 hearing. Having conducted such review, we will affirm the termination order.

### STATEMENT OF CASE AND FACTS

In September 1995, Cathina W. (born May 5, 1994) was adjudged a juvenile dependent and ordered removed from her mother's custody. The Fresno County Superior Court, sitting as a juvenile court, had previously exercised its jurisdiction over Cathina because she, along with her older half sister Donna M., were found residing in a filthy home (§ 300, subd. (b)) and the toddler was at substantial risk of suffering sexual abuse because her father had sexually abused Donna on at least one occasion and the mother

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

was unable to prevent the father from returning to the home (§ 300, subd. (j)).[2]

After approximately 20 months of reunification services, the court in April 1997 found that reasonable services had been provided to the mother and terminated further services. Having also found the continued existence of a substantial risk of detriment to Cathina, the court set the matter of Cathina's dependency for permanency planning.[3] At the section 366.26 hearing ultimately conducted in January 1998, the court terminated the mother's parental rights. The mother filed a timely notice of appeal.

## DISCUSSION

### I. *Jurisdiction*

The mother challenges some of the findings the court made when it set the section 366.26 hearing. She acknowledges that appellate review of a setting order is not available to a parent unless all the conditions of section 366.26, subdivision (*l*), are met. She also concedes she cannot satisfy any of these conditions because she never filed a petition for extraordinary writ review. Nevertheless, she maintains there is good cause to excuse her noncompliance with the statute and that we therefore should review the merits of her claims on this appeal from the termination order.

### A. *Section 366.26, Subdivision (l)*

A setting order is not appealable; direct appellate consideration of the propriety of the setting order may be had only by petition for extraordinary writ review of the order.[4] (§ 366.26, subd. (*l*); *In re Charmice G.* (1998) 66 Cal.App.4th 659, 664, 666-667 [78 Cal.Rptr.2d 212]; *Wanda B.* v. *Superior Court* (1996) 41 Cal.App.4th 1391, 1395 [49 Cal.Rptr.2d 175];

---

[2]For these and other reasons, Donna was also adjudged a dependent. The mother does not raise any issue pertaining to Donna, who was subsequently found unadoptable and placed in long-term foster care.

[3]The mother refers to this hearing as a 12-month review because it was only the second status hearing conducted by the juvenile court involving Cathina. The statutory scheme requires a review of the dependency every six months. (§ 366.) However, for all practical purposes, the April 1997 hearing was the equivalent of an 18-month review, for more than 20 months of services had already been provided. If, at an 18-month review, the court determines reasonable reunification services have been provided but the minor still cannot be returned to parental custody, the court has no choice but to proceed to permanency planning. (See § 366.22.)

[4]Section 366.26, subdivision (*l*) provides in full:

"(*l*) (1) An order by the court that a hearing pursuant to this section be held is not appealable at any time unless all of the following applies:

"(A) A petition for extraordinary writ review was filed in a timely manner.

*Steve J.* v. *Superior Court* (1995) 35 Cal.App.4th 798, 812, fn. 5 [41 Cal.Rptr.2d 731].) An aggrieved party may seek review of the setting order by appeal from the order subsequently made at the section 366.26 hearing, but only if: (1) the party filed a timely petition for extraordinary writ review of the setting order; (2) the petition substantively addressed the specific issues to be challenged and supported the challenge by an adequate record; and (3) the appellate court summarily denied or otherwise did not decide the petition on the merits. (§ 366.26, subd. (*l*)(1); *Ronald S.* v. *Superior Court* (1995) 34 Cal.App.4th 1467, 1468-1469 [41 Cal.Rptr.2d 139]).

Section 366.26, subdivision (*l*), is implemented by California Rules of Court, rule 39.1B (rule 39.1B), adopted pursuant to the Legislature's directive in section 366.26, subdivision (*l*)(3). The rule in part provides that the required writ proceeding is initiated by the filing with the juvenile court clerk of "a notice of intent to file a writ petition and request for record." (Rule 39.1B(f)). The "notice of intent" must be "signed by the party intending to file a writ petition, or if to be filed on behalf of the child, by the

---

"(B) The petition substantively addressed the specific issues to be challenged and supported that challenge by an adequate record.

"(C) The petition for extraordinary writ review was summarily denied or otherwise not decided on the merits.

"(2) Failure to file a petition for extraordinary writ review within the period specified by rule, to substantively address the specific issues challenged, or to support that challenge by an adequate record shall preclude subsequent review by appeal of the findings and orders made pursuant to this section.

"(3) The Judicial Council shall adopt rules of court, effective January 1, 1995, to ensure all of the following:

"(A) A trial court, after issuance of an order directing a hearing pursuant to this section be held, shall advise all parties of the requirement of filing a petition for extraordinary writ review as set forth in this subdivision in order to preserve any right to appeal in these issues. This notice shall be made orally to a party if they are present at the time of the making of the order or by first-class mail by the clerk of the court to the last known address of a party not present at the time of the making of the order.

"(B) The prompt transmittal of the records from the trial court to the appellate court.

"(C) That adequate time requirements for counsel and court personnel exist to implement the objective of this subdivision.

"(D) That the parent or guardian, or their trial counsel or other counsel, is charged with the responsibility of filing a petition for extraordinary writ relief pursuant to this subdivision.

"(4) The intent of this subdivision is to do both of the following:

"(A) Make every reasonable attempt to achieve a substantive and meritorious review by the appellate court within the time specified in Sections 366.21 and 366.22 for holding a hearing pursuant to this section.

"(B) Encourage the appellate court to determine all writ petitions filed pursuant to this subdivision on their merits.

"(5) This subdivision shall only apply to cases in which an order to set a hearing pursuant to this section is issued on or after January 1, 1995."

attorney of record for the child."[5] (*Ibid.*) The rule thereafter contains explicit and detailed directions concerning notice, the preparation of the record, the content and filing of the writ petition itself, the disposition of the writ proceeding, and other related subjects. (Rule 39.1B(f)-(r).)

▪ To secure the expeditious resolution of a challenge by extraordinary writ of an order for a section 366.26 hearing (§ 366.26, subd. (*l*)(4), rule 39.1B(a)), rule 39.1B prescribes numerous, successive time limits applicable to the initiation and progression of the writ proceeding. (*Karl S.* v. *Superior Court* (1995) 34 Cal.App.4th 1397, 1402-1403 [41 Cal.Rptr.2d 84].) Included among these limits is a seven-day period from "the date of the order setting" the section 366.26 hearing within which the parent must file the notice of intent and request for record with the clerk of the juvenile court, extended by an additional five days if the only notice of the order was given to the parent by mail. (Rule 39.1B(f).) All the time limits in the rule are mandatory. (*Karl S., supra,* 34 Cal.App.4th at p. 1404.) However, a parent "in default by the filing of a late notice of intent may obtain relief from that default for good cause shown." (*Jonathan M.* v. *Superior Court* (1995) 39 Cal.App.4th 1826, 1831 [46 Cal.Rptr.2d 688]; *Karl S., supra,* 34 Cal.App.4th at p. 1404.)

To ensure that a parent aggrieved by a setting order is made aware of the requirements of the statute and its impact on the parent's right to appellate review of such an order, section 366.26, subdivision (*l*)(3)(A), directs the juvenile court to give appropriate notice to the parties, as follows: "A trial court, after issuance of an order directing a hearing pursuant to this section be held, shall advise all parties of the requirement of filing a petition for extraordinary writ review as set forth in this subdivision in order to preserve any right to appeal in these issues. This notice shall be made orally to a party if they are present at the time of the making of the order or by first-class mail by the clerk of the court to the last known address of a party not present at the time of the making of the order."

California Rules of Court, rules 1461(c)(3)(I) (12-month review hearing) and 1462(b)(2)(I) (18-month review hearing) carry out this aspect of section 366.26, subdivision (*l*); these rules identically state: "When the court orders a hearing under section 366.26, the court shall advise orally all parties present, and by first class mail for parties not present, that if the party wishes to preserve any right to review on appeal of the order setting the hearing under section 366.26, the party is required to seek an extraordinary writ by filing a Notice of Intent to File Writ Petition and Request for Record form

---

[5] For good cause shown to the appellate court, the requirement for the party's signature may be waived. (Rule 39.1B(f).)

(JV-820) or other notice of intent to file writ petition and request for record and a Writ Petition-Juvenile form (JV-825) or other petition for extraordinary writ. *Within 24 hours of the hearing, notice by first class mail shall be provided by the clerk of the court to the last known address of any party who is not present when the court orders the hearing under section 366.26. Copies of Judicial Council form Writ Petition-Juvenile (JV-825) and Judicial Council form Notice of Intent to File Writ Petition and Request for Record form (JV-820)* shall be available in the courtroom, and *shall accompany all mailed notices of the advice.*" (Italics added.)

Consistent with section 366.26, subdivision (*l*)(3)(A), the Judicial Council Forms, form JV-820, requires the clerk of the juvenile court to include on the face of the notice the date on which the court made its setting order, so that the party may calculate the deadline for filing the notice of intent and request for record. In relevant part, the form provides:

"If you intend to file the petition for a writ, you must file a notice of intent to file a writ petition and request for record with the juvenile court clerk within 7 days of the date specified in item 5a. You may use this form . . . ."

Item 5a of the form states:

"On *(date)*: _____ the juvenile court made an order setting a hearing under Welfare and Institutions Code section 366.26. I intend to file a petition for extraordinary writ to challenge the findings and orders made by the court on that date and request that the clerk assemble the record."

B. *Good Cause*

We agree with the mother that she has shown good cause for her failure to file a notice of intent and request for record and a writ petition pursuant to section 366.26, subdivision (*l*) and rule 39.1B. We therefore will address on this appeal from the termination order her contentions with respect to the merits of the juvenile court's setting order.

So far as we can determine, no case has afforded this remedy to a party in the mother's position. We believe relief is warranted here because the juvenile court, through no fault of the mother, failed to discharge its duty to give her timely, correct notice, as required by California Rules of Court, rule 1462(c)(3)(I).

The mother did not personally attend the April 24, 1997, review proceeding at which the court set the section 366.26 hearing with respect to Cathina.

The juvenile court therefore directed that "39.1b(1) notice . . . be sent to the mother . . . ." However, the juvenile court clerk did not mail notice to the mother within 24 hours of the court's order; instead a judicial council form "NOTICE OF INTENT TO FILE WRIT PETITION AND REQUEST FOR RECORD, RULE 39.1B" (rule 39.1B notice) was mailed to the mother at her last known address on April 28th, *four days* after entry of the setting order. In addition, the face of the notice contains the typed date "8-26-97" in the space provided for insertion of the day on which the juvenile court calendared the section 366.26 hearing. This date was wrong by some four months, the setting order having been announced on April 24, 1997.

The mother maintains she never received the notice and thus was not "aware of her right to seek review of the . . . order by way of petition for extraordinary writ or of the consequences to her should she fail to do so." Nothing in the record disputes this claim. On May 6th, the envelope containing the rule 39.1B notice to the mother was returned to the clerk's office; it had a "RETURN TO SENDER" stamp dated May 2nd on its face, along with a label setting forth a new address for the mother and the date "4/30/97."[6] The clerk apparently did not remail the rule 39.1B notice to the mother at the new address shown on the return envelope.

Moreover, even if the mother had received the notice, whether timely mailed by the clerk or not, it was defective in a material way. If nothing else, the "8/26/97" date inserted on the form would have told the mother that she had until September 7, 1997, 12 days after August 26, 1997, within which to file a notice of intent. A notice of intent filed during that time frame would have been late by a wide margin.[7]

Respondent believes the bar of section 366.26, subdivision (*l*), should apply despite the defects in the clerk's notice because it "was incumbent upon [the mother's] attorney [to] ensure [the mother's] rights of appeal were protected by timely filing the notification of intent . . . and the writ petition . . . ." We disagree. ■ The "burden is on the *parent* in a juvenile dependency case to pursue his or her appellate rights[; i]t is not the *attorney's* burden." (*Janice J.* v. *Superior Court* (1997) 55 Cal.App.4th 690, 692 [64 Cal.Rptr.2d 227]; *Suzanne J.* v. *Superior Court* (1996) 46 Cal.App.4th

---

[6]If this date corresponded to the last day the postmaster would forward the mother's mail to her new address, it suggests the clerk's notice would have reached the mother had it been mailed within the 24 hours of the court's April 24 order prescribed by California Rules of Court, rules 1461(c)(3)(I) and 1462(b)(2)(I).

[7]We suspect that had the mother filed a notice of intent within 12 days of August 26, 1997, respondent would have moved to strike it, or to dismiss a subsequent writ petition, as untimely.

785, 788 [54 Cal.Rptr.2d 25].)[8] In the absence of a specific direction from the mother, her attorney in the juvenile court was not obligated to take any steps to comply with section 366.26, subdivision (*l*), on the mother's behalf. Because the mother had not been notified that she must seek relief by writ petition under this statute, she could not very well have directed her attorney to take steps to do so.

We are similarly unpersuaded by respondent's assertion the mother had sufficient time to file a late notice of intent with a showing of good cause because: (1) the section 366.26 hearing did not proceed on August 26, 1997, and was continued to and held nine months later, on January 27, 1998; and (2) the mother was given notice of the initial section 366.26 hearing date and the continued hearing date. Nothing in the notices concerning the date of the section 366.26 hearing included any reference to the provisions and requirements of section 366.26, subdivision (*l*). (§ 366.26, subd. (a).)

Respondent also maintains that substantial evidence supports the findings subsumed in the disputed order and thus the mother cannot show she would have prevailed had she properly brought a writ petition challenging that order. As respondent sees it, the mother is not entitled to a review of the merits of the setting order on this appeal because she has not established she was prejudiced by the failure of the juvenile court to serve a correct and timely rule 39.1B(f) notice.

We will not impose such a condition upon the mother's right to appellate review of the merits of the setting order. Under respondent's argument, as we understand it, we cannot evaluate the merits of the setting order unless we find that the order was the result of prejudicial error by the juvenile court and, consequently, that a writ reversing the order would have issued had the mother filed a timely and proper rule 39.1B notice and petition. However, a determination that the setting order was infected with prejudicial error obviously requires an evaluation of the merits of the order. We therefore do not see any purpose to be served by adopting the rule advocated by respondent.

### C. *Karl S.*

Last, we revisit our opinion in *Karl S.* v. *Superior Court, supra,* 34 Cal.App.4th at page 1404, where we held in part that "the time standards of

---

[8]This principle is based for the most part upon rule 39.1B(f)'s requirement that the party seeking writ relief must sign the notice of intent unless good cause is shown and upon the case law which has held that a writ petition signed by an attorney must be dismissed if its filing was not expressly authorized by the client. (See *Janice J.* v. *Superior Court, supra,* 55 Cal.App.4th at pp. 691-692.)

rule 39.1B are mandatory rather than directory."[9] This conclusion was questioned in *Roxanne H. v. Superior Court* (1995) 35 Cal.App.4th 1008 [41 Cal.Rptr.2d 760] and *Jonathan M. v. Superior Court, supra,* 39 Cal.App.4th 1826. The court in *Roxanne H.* said: ". . . the consequence of strictly enforcing all of the time frames prescribed by rule 39.1B by threat of dismissal would place the petitioner in the untenable position of suffering the consequence for untimely filings over which he or she has no control." (*Roxanne H. v. Superior Court, supra,* 35 Cal.App.4th at p. 1012.)

In *Jonathan M.,* the court reiterated the point: "For instance, a writ petitioner could hardly be subject to the sanction of dismissal, or any other sanction, for the failure of a county clerk to timely prepare the record, the failure of the real party in interest to timely file an opposition to the petition, or the failure of the reviewing court to timely hold oral argument. It would be problematic indeed if *all* time frames of rule 39.1B are considered mandatory." (*Jonathan M. v. Superior Court, supra,* 39 Cal.App.4th at p. 1829.)

We do not disagree with *Roxanne H.* or *Jonathan M.* that a petitioner ought not to suffer for the failure of the respondent or the courts to meet the time limits imposed upon them by the statute and the rule. We find no inconsistency, however, between this concern and our determination in *Karl S.* that all the time limits in section 366.26, subdivision (*l*), whether applicable to the parties, to the juvenile court, or indeed to this court, are mandatory. That it would be unfair or improper to punish the petitioner for the delicts of his or her opponent or the courts with respect to the applicable time constraints does not justify absolving the respondent or the courts from strictly complying with these time standards. To hold to the contrary would frustrate the Legislature's intent to "achieve a substantive and meritorious review by the appellate court [of a setting order] within the time specified in Sections 366.21 and 366.22 for holding a [permanency planning] hearing . . . ." (§ 366.26, subd. (*l*)(4).) Such a holding would also ill serve the paramount interests of the child in a "stable, secure, long term, continuous home environment" (*In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1160 [65 Cal.Rptr.2d 913]) and the state in reasonable expedition and finality (*id.* at p. 1152, & fn. 4).

This case confirms the point. As a consequence of the juvenile court's untimely—as well as incorrect—notice of the setting order, we are required

---

[9]The parent in *Karl S.* filed a rule 39.1B notice two months late; his untimely notice in turn delayed each ensuing step of the writ proceedings. Pursuant to section 366.26, subdivision (*l*), and rule 39.1B, we held the father's failure to file a timely notice of intent required dismissal of his subsequently filed writ petition. (*Karl S. v. Superior Court, supra,* 34 Cal.App.4th at pp. 1403-1404.)

to evaluate the merits of that order not within 120 days but instead more than 18 months after entry of the order. The resulting prejudice to the interests of the child and the state is apparent, and will only be enhanced if we were to reverse the setting order. (See *In re Meranda P., supra*, 56 Cal.App.4th at p. 1152.)

Deeming the time standards applicable to section 366.26, subdivision (*l*) writ proceedings to be mandatory preserves our ability to remedy violations, particularly those committed by the juvenile court.[10] Depending upon the circumstances of the individual case, isolated or infrequent failures by the juvenile court to meet the requirements of rule 39.1B will simply require the appellate court to dispose of the case as promptly as possible or permit the parent to raise the propriety of the setting order on appeal from the termination order, as we have done here. However, persistent or repeated violations by the juvenile court of the duties imposed upon it by the statute and the rule might call for sterner measures calculated to compel the juvenile court to discharge its mandatory duties under the statute and the rule. (See Code Civ. Proc., § 128, subd. (a)(3) & (5); *People v. Center* (1880) 54 Cal. 236, 237.)

For the foregoing reasons, we persist in our conclusion that *all* of the time standards in rule 39.1B are mandatory. (*Karl S. v. Superior Court, supra*, 34 Cal.App.4th at p. 1404.)

II. *Sufficiency of the Evidence*\*

. . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment (order terminating parental rights) is affirmed.

Ardaiz, P. J., and Levy, J., concurred.

---

[10]A respondent who fails to timely file and serve a response to the petition (rule 39.1B(k)) creates no major difficulty for the petitioner or the appellate court. A late or nonexistent response does not delay the hearing on the petition (see rule 39.1B(o)), and the absence of the response does not absolve us from examining the merits of the petition (see § 366.26, subd. (*l*)(1)(B)).

\*See footnote, *ante*, page 716.