Filed 5/7/26  In re M.K. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| In re M.K., a Person Coming Under the Juvenile Court Law. | |
| MERCED COUNTY HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANNA K.,<br><br>Defendant and Appellant. | F090821<br><br>(Super. Ct. No. 24JP-00090-B)<br><br>**OPINION** |

**THE COURT**<sup>*</sup>

APPEAL from an order of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Anna K., in pro per.; and Shaylah Padgett-Weibel, under appointment by the Court of Appeal, for Defendant and Appellant.

-ooOoo-

In this juvenile dependency case, Anna K. (mother) appeals from unspecified orders made at a hearing conducted on November 4, 2025, as to her minor child M.K.

---

\*      Before Detjen, Acting P. J., Snauffer, J. and DeSantos, J.

1.

After reviewing the record, mother's court-appointed appellate counsel informed this court that she could find no arguable issues to raise on mother's behalf.  This court granted mother leave to file a letter brief setting forth a good cause showing that an arguable issue of reversible error exists.  (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844.)

Mother filed a letter brief but has failed to make such a showing, as she has raised no issues related to the November 4, 2025 hearing.

Accordingly, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

### A Dependency Petition is Filed on Behalf of M.K. and Her Sibling, A.K.

In August 2024, the Merced County Human Services Agency (agency) filed a dependency petition on behalf of newborn M.K. alleging she came within the juvenile court's jurisdiction under Welfare and Institutions Code section 300, subdivision (b)(1)[1] because of mother's inability to protect her or provide adequate care to her for various reasons including substance abuse, domestic violence, and mental health issues.[2]

Jesus M. was listed as M.K.'s alleged father in the petition and has remained an alleged father throughout the underlying proceedings.  He is not a party to this appeal.[3]

The petition also alleged that M.K.'s older sibling, A.K., came within the juvenile court's jurisdiction.  At the time the petition was filed, A.K. resided with her legal

---

[1]     All further undesignated statutory references are to the Welfare and Institutions Code.

[2]     The petition also alleged M.K. came within the court's jurisdiction under section 300, subdivision (g), but this allegation was later dismissed.

[3]     Jesus M. appealed from the November 4, 2025 orders separately.  His appointed appellate counsel filed a *Phoenix H.* brief, and he thereafter filed a letter brief.  After reviewing Jesus M.'s letter brief, this court determined he failed to make a good cause showing that an arguable issue existed and dismissed the appeal.  (*In re M.K.* (Mar. 5, 2026, F090769) [nonpub. opn.].)

2.

guardian, who is also both children's maternal grandmother. A.K. is not a subject of this appeal.

At the time the petition was filed, M.K. had been detained from mother's care, and at the detention hearing, the juvenile court ordered her to remain detained from mother.

### Dependency Jurisdiction is Taken Over M.K.; Mother Fails to Reunify; and, on August 19, 2025, a Section 366.26 Hearing is Set

Mother was briefly interviewed by the social worker at the time of the agency's initial investigation, but her whereabouts subsequently became unknown and remained so for most of the proceedings.[4] Mother was, however, appointed counsel early in the case and continued to be represented by counsel throughout the proceedings and at all hearings.

On September 12, 2024, the juvenile court found M.K. came within its jurisdiction under section 300, subdivision (b)(1) and set a disposition hearing. At this point, the timeline of her case diverged from that of A.K.'s because A.K.'s legal guardian set the matter of jurisdiction for contest as to A.K.

On January 21, 2025, the juvenile court conducted a disposition hearing, at which it adjudged M.K. a dependent of the court and removed her from the physical custody of her parents. Neither parent was granted reunification services, as mother's whereabouts

---

[4] In an opinion filed in a related writ proceeding, this court detailed mother's limited participation in the dependency proceedings and the agency's extensive attempts to locate and make contact with her. (*A.K. v. Superior Court* (Feb. 19, 2026, F090767) [nonpub. opn.].)

were unknown (§ 361.5, subd. (b)(1)) and Jesus M. remained an alleged father. The court set a six-month review hearing.[5] [6]

The six-month review hearing was conducted on August 19, 2025. Mother was not present, and her attorney waived her appearance. The agency was recommending that the juvenile court terminate reunification services and set a section 366.26 hearing. The agency contended the statutorily required period of six months had passed, and mother's whereabouts remained unknown during that period. In support of its assertion, the agency provided documentation detailing unsuccessful attempts to locate mother in March, April, May, and June 2025.

At the hearing, county counsel represented that the agency had recently learned mother was residing in a facility in Mexico. The assigned social worker was able to make "a first contact with" mother via telephone the day before the hearing, and mother was "fairly foggy-minded and needed the help of a nurse to help answer some basic questions."

Mother's attorney stated that she had also spoken to mother the day before the hearing and went over the entire report with her. Though mother's attorney was not sure mother understood everything, mother indicated she had no questions and said she was "fine with everything." Mother's attorney stated that mother's demeanor was calm, she knew she was in "Mexico, somewhere," and she knew she was "doing therapy," adding, "That's all she knows."

---

[5] When a parent is not ordered reunification services pursuant to section 361.5, subdivision (b)(1), the court shall order reunification services if the parent's whereabouts become known within six months of the child's out-of-home placement. (§ 361.5, subd. (d).)

[6] M.K.'s maternal grandmother appealed from the dispositional order, alleging the court erred by denying her placement and de facto parent status. This court affirmed the juvenile court's findings and orders. (*In re M.K.* (Feb. 19, 2026, F089297) [nonpub. opn.].)

Based on the discovery of mother's location in Mexico, mother's attorney objected to the juvenile court making a finding at that time that mother's whereabouts were unknown. In response, county counsel argued that mother was only entitled to reunification services if her whereabouts had become known within the first six months of M.K.'s out of home placement, and thus whether to offer reunification services had become discretionary. County counsel pointed out that mother had had no contact with M.K. for over a year, and that setting a section 366.26 hearing was in M.K.'s best interest. Mother's attorney responded, "If [mother] gets better … we'll come to those options at that time, but I agree."

The juvenile court concluded that mother's whereabouts had been unknown for the requisite six months, and therefore the time it was required to provide mother reunifications services had expired. The court found it was in M.K.'s best interests to "move forward and get something permanent in place," terminated reunification services, and set a section 366.26 hearing for December 4, 2025.

At the conclusion of the hearing, the juvenile court read the parents' writ advisements. As mother was not present at the hearing, she did not personally hear the advisements, but the agency later reported mother was provided them by mail on August 19, 2025.

Mother did not file a notice of intent to file a writ petition to challenge any findings or orders made at the August 19, 2025 hearing.

### On November 4, 2025, the Juvenile Court Sets a Section 366.26 Hearing as to A.K.

On November 4, 2025, the juvenile court conducted a review hearing in A.K.'s case. Mother was not present but was represented by counsel. The only reference to M.K. was a brief discussion at the outset of the hearing on two requests that had been

5.

brought by M.K.'s maternal grandmother.[7]  The juvenile court denied both requests, stating that M.K. "has nothing to do with this case," and that the maternal grandmother "has no standing to even raise" issues related to M.K.[8]  The court turned to the review hearing concerning A.K., and at the conclusion of the hearing set a section 366.26 hearing in her case.

Following the November 4, 2025 hearing, mother filed notices of intent to file writ petitions as to both M.K. and A.K. listing November 4, 2025, as the date of the challenged order.

This court thereafter filed an order indicating that the proper method of challenging any orders in M.K.'s case made on November 4, 2025, was by appeal, not writ petition.  On this court's own motion, it deemed mother's notice of intent as to M.K. to be a notice of appeal, initiating the present appeal.[9]

---

[7]      The maternal grandmother had attempted to file a letter addressed to the agency with the subject line "Formal Complaint – Out-of-County Placement of Minor Grandchildren."  In the letter, the maternal grandmother requested a written explanation of the reasons for the children's placement out of county, copies of "all related notices or court filings" and a "formal review to ensure this decision aligns with statutory requirements and the children's best interests."  The letter was marked as "received" by the clerk but was not filed.

The maternal grandmother had also filed a section 388 petition requesting that M.K. be placed with her stepdaughter, M.K.'s stepaunt.

[8]      The maternal grandmother appealed from the November 4, 2025 orders, and the appeal is currently pending in case number F090822.

The maternal grandmother has also appealed from the juvenile court's subsequent orders terminating her visitation with both children and declaring her a vexatious litigant made on January 5, 2025 in case number F091151.  That appeal is also currently pending.

[9]      The writ action pertaining to the setting order in A.K.'s case proceeded in case number F090767.

6.

# DISCUSSION

An appealed-from judgment or order is presumed correct.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  It is the appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made.  If the appellant fails to do so, the appeal may be dismissed.  (*In re Sade C.* (1996) 13 Cal.4th  952, 994.)

Mother's letter brief exclusively discusses issues regarding the August 19, 2025 hearing where the juvenile court set the section 366.26 hearing as to M.K, including brief assertions of alleged errors in the minute order, alleged due process violations, and "cumulative prejudice."  Mother raises no issues pertaining to orders made at the November 4, 2025 hearing.  As we explain, mother has not set forth a good cause showing that arguable issues of reversible error exist.

As a threshold matter, mother's notice of intent was insufficient to preserve any challenges to orders made on August 19, 2025, because it did not list any orders made on that date.  (See Cal. Rules of Court, rule 8.450(e)(2)[10] ["The notice must include all known dates of the hearing that resulted in the order under review"]; see also rule 8.405(a)(3) [notice "is sufficient if it identifies the particular judgment or order being appealed"].)

Even if mother's notice of intent had listed orders made on August 19, 2025, however, any claims made regarding that hearing would still improperly be before us, as the notice would have been untimely.

The only way to challenge findings and orders made at a hearing where a section 366.26 hearing is set is by filing a timely petition for extraordinary writ.  (§ 366.26, subd. (*l*).)  To initiate writ proceedings, a parent must first file a notice of intent within the timelines prescribed by, rule 8.450(e)(4).

---

[10]    All further rule references are to the California Rules of Court.

Here, mother was not present at the hearing, and the record indicates that her writ advisements were mailed to her on August 19, 2025.[11] In the interest of applying, for mother's benefit, the latest possible deadline for filing a notice of intent that could apply, we presume the advisements were mailed to where mother was residing in Mexico. As such, the time to file a notice of intent to file a writ petition expired on September 15, 2025, long before she filed the notice of intent later deemed to be a notice of appeal that initiated the present appeal on November 7, 2025. (See rule 8.450(e)(4)(D) [if the party is notified by mail at an address outside the United States, the notice of intent must be filed within 27 days after the date the clerk mailed the notification].)

While this court may extend the time period to file a notice of intent, it may only do so upon an "exceptional showing of good cause." (Rule 8.450(d).) Mother has not attempted to make such a showing. Consequently, dismissal is appropriate, and mother is barred in any subsequent appeal from making further challenges to any orders made at the August 19, 2025 hearing. (See *Jonathan M. v. Superior Court* (1995) 39 Cal.App.4th 1826, 1831; see also § 366.26, subd. (*l*)(2).)

The present appeal is limited to claims pertaining to orders made at the November 4, 2025 hearing. As mother raises none, she has failed to set forth good cause that an arguable issue exists. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 [reviewing court presumes the judgment is correct, and it is the appellant's burden to overcome the presumption and demonstrate reversible error].)

Though we are not required to, we have independently reviewed the record and find no arguable issues arising from the November 4, 2025 hearing (see *Phoenix H.*,

---

[11] If, like here, a parent is not present at the hearing where the juvenile court sets the section 366.26 hearing, the clerk of the court must, within 24 hours of the hearing, provide the parent with their writ advisements by first-class mail to the last known address of the party or, in circumstances not applicable here, by e-mail. (Rule 5.590(b)(2); see § 366.26, subd. (l)(3)(A)(ii).)

*supra*, 47 Cal.4th at pp. 644–646).  Further, we note for mother's benefit, even if we were to consider her letter brief on its merits, we would not find she has demonstrated reversible error as to the orders made on August 19, 2025.

## **DISPOSITION**

The appeal is dismissed.