Filed 6/30/14  A.V. v. Superior Court CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| A.V.,<br><br>   Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF VENTURA COUNTY,<br><br>   Respondent;<br><br>VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>   Real Party in Interest. | 2d Civil No. B255472<br>(Super. Ct. Nos. J069681, J069682)<br>(Ventura County) |

A.V. (mother), in propria persona, petitions for extraordinary writ relief from the juvenile court's April 9, 2014, order bypassing reunification services and setting a permanency planning hearing for her minor twin sons, E.M. and Z.M. (the minors). (Welf. & Inst. Code,[1] § 366.26, subd. (c).)  We summarily deny the petition.

## FACTS AND PROCEDURAL HISTORY

Four days after the minors' birth in October 2013, the Ventura County Human Services Agency (HSA) filed dependency petitions as to both children alleging

---

[1] All further statutory references are to the Welfare and Institutions Code.

that (1) mother had a history of substance abuse and mental health issues that rendered her unable to provide adequate care and support for the minors; and (2) mother's parental rights to the minors' three-year-old half-sibling D.M. had been terminated a month earlier due to mother's failure to benefit from the services that were offered to her. (§ 300, subds. (b), (g), & (j).) The identity of the minors' father was unknown.[2]

The juvenile court found a prima facie case existed for the minors' detention and set the matter for a contested jurisdiction and disposition hearing. After mother was granted substitute counsel, she filed an in propria persona declaration accompanied by documents purporting to demonstrate she was sober and was complying with her mandated substance abuse and mental health treatment.

HSA initially recommended that mother be offered reunification services. The minors' counsel recommended that services be bypassed due to mother's failure to reunify with the minors' half-sibling D.M. and termination of her parental rights to the child.[3] (§ 361.5, subds. (b)(10) & (b)(11).) After discovering mother had relapsed, HSA recommended that services be bypassed on the same grounds asserted by the minors' counsel as well as mother's chronic drug use (§ 361.5, subd. (b)(13)) and that the matter be set for a section 366.26 hearing with a permanent plan of adoption.

At the conclusion of the jurisdiction and disposition hearing, the court sustained the dependency petition, bypassed services for mother, and set the matter for a section 366.26 permanency planning hearing.

DISCUSSION

Mother's in propria persona writ petition asserts that a reversal of the order bypassing reunification services would be in the best interests of the minors. In support

---

[2] Mother's then-husband A.V., from whom she was separated, was later declared the minors' presumed father. Paternity testing revealed he was not the biological father. He initially expressed an interest in reunification services, but did not appear at any of the noticed hearings. Another man who stepped forth as an alleged father was also ruled out as the minors' biological father.

[3] We recently affirmed the juvenile court's order terminating mother's parental rights to D.M. and selecting adoption as the child's permanent plan. (*In re D.M.* (May 19, 2014, B251738) [nonpub. opn.].)

2

of this assertion, mother offers a personal statement and documents purporting to demonstrate she is currently abstaining from illegal drugs and is fully participating in substance abuse and mental health treatment. There is no statement of legal issues, citations to the record, or a discussion of pertinent legal authorities.

The writ petition is procedurally inadequate. As HSA notes, an in propria persona notice of intent and writ petition may only be filed by a party, unlike mother, who is not represented by trial counsel. (Cal. Rules of Court,[4] rule 8.450(c).) Rule 8.452(b)(1), to which mother was expressly referred, also dictates that the petition must be accompanied by a memorandum providing "a summary of the significant facts" with supporting references to the record. The memorandum "must, at a minimum, adequately inform the court of the issues presented, point out the factual support for them in the record, and offer argument and authorities that will assist the court in resolving the contested issues." (*Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570, 583 ["utterly deficient" writ petition].) No such memorandum accompanies mother's petition.

The petition is also untimely. Mother was required to file and serve the petition within 10 days after the record was filed in this court. (Rule 8.452(c)(1).) This requirement was mandatory and only subject to extension for good cause. (*Karl S. v. Superior Court* (1995) 34 Cal.App.4th 1397, 1404.) Mother submitted her petition for filing two days late, and served it by mail a day late.[5] Instead of requesting an extension prior to the deadline, her statement in support of her petition merely states that she "apologize[s] for [its] tardiness" because she "was not aware of all of the requirements until the day it was due (May 05, 2014)." The petition was not due, however, until May 12. Moreover, she was clearly notified of this deadline.

---

[4] All further rule references are to the California Rules of Court.

[5] The record on appeal was filed on May 1, 2014. That same date, we notified mother that she had to file her petition no later than May 12. She did not submit her petition for filing until May 14, and her proof of service states that she served the petition on all interested parties by mail on May 13.

Mother's failure to comply with the applicable rules constitutes exceptional circumstances justifying a summary denial of her petition. (*Joyce G. v. Superior Court* (1995) 38 Cal.App.4th 1501, 1512; *Anthony D. v. Superior Court* (1998) 63 Cal.App.4th 149, 157 [where petition fails to meet the "threshold requirements," it should be summarily denied].)

In any event, mother fails to show that the court abused its discretion in finding that reunification would not be in the minors' best interests. She makes no mention of the ample evidence supporting that finding, which we must view in the light most favorable to the court's ruling. Although we laud mother's efforts to maintain her sobriety and mental health, she has yet to achieve the long-term success necessary for the minors' stability and security. As the court found, "[mother] still is waist deep in her ongoing struggles" and appeared to have learned little from the issues that led to the removal of the minors' half-sibling less than a month before their birth. The court was also unable to find it in the minors' best interest "to have them continue to wait many months in their first year of life for [mother] to solve . . . the problems and the self-medication [and] bad choices that she has made year in and year out since her teen years." In light of mother's recent relapse and continuing mental health issues, it cannot be said the court's ruling was an abuse of discretion.

The petition for extraordinary writ is summarily denied. This decision is final in this court upon filing. (Rules 8.452(i), 8.490(b)(1).)

NOT TO BE PUBLISHED.

PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

4

Bruce A. Young, Judge

Superior Court County of Ventura

_____


A.V. in pro. per. for Petitioner.

No appearance for Respondent.

Leroy Smith, County Counsel, Patricia McCourt, Assistant County Counsel, for Real Party in Interest.