Opinion
 

 THE COURT.
 
 [1]
 

 This petition seeks writ review under California Rules of Court, rule 39.1B (rule 39.IB). We summarily deny the petition because of a procedural defect fatal to appellate review.
 

 Petitioner failed to attend the 18-month review hearing. The record shows her whereabouts were unknown. The notice of intent is signed by her attorney. The petition is signed by her attorney. There is no indication whatsoever that petitioner has personally authorized the petition.
 

 A rule 39.IB petition may be summarily dismissed in the absence of a showing that the parent consented to, or authorized the filing of, the petition.
 
 (Guillermo G.
 
 v.
 
 Superior Court
 
 (1995) 33 Cal.App.4th 1168, 1174
 
 *692
 
 [39 Cal.Rptr.2d 748].) Where the record indicates the attorney signed the notice of intent because the parent had disappeared, the burden of proof must shift to the parent to show he or she consented to or authorized the petition.
 
 (Suzanne J.
 
 v.
 
 Superior Court
 
 (1996) 46 Cal.App.4th 785, 788 [54 Cal.Rptr.2d 25].) “The dependency scheme is designed to aid those parents who seriously want to maintain a healthy parental relationship with their children. It is not too much to ask those parents to make the effort necessary to show genuine interest in their children by conferring with their attorney and making themselves available to sign the necessary documents.”
 
 (Ibid.)
 
 “More to the point: an attorney representing one of these parents does not have a duty to chase them down and prompt them into taking the elementary steps necessary to keep their claim of parental rights alive.”
 
 (Ibid.)
 
 We take this language one step further: An attorney representing one of these parents
 
 has no professional duty to file a rule 39. IB writ petition in the absence of the client’s authorization.
 
 If the client has disappeared by the time the Welfare and Institutions Code section 366.26 hearing is set, fails to stay in contact with the attorney, and has not signed a document indicating his or her personal authorization of the writ petition, then the attorney is absolved from any professional responsibility to file a notice of intent or a petition.
 

 We publish this order to alert the bar accordingly.
 

 [1]
 

 Before Peterson, P. J., Haning, J„ and Jones, J.