[No. E062111. Fourth Dist., Div. Two. Oct. 14, 2015.]

In re A.O., a Person Coming Under the Juvenile Court Law.
RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES,
Plaintiff and Respondent, v.
M.O., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I, II2., II3., and II4.

146

**COUNSEL**

Linda B. Puertas, under appointment by the Court of Appeal, for Defendant and Appellant.

Gregory P. Priamos, County Counsel, James E. Brown, Guy B. Pittman and Anna M. Marchand, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**CODRINGTON, J.**—Defendant and appellant M.O. (mother) has unresolved mental health issues that led to the court finding jurisdiction over her 12-year-old daughter, A.O., under Welfare and Institutions Code section 300, subdivision (b)[1] and removing her from mother's care. At the six-month review hearing, the court found that returning A.O. to mother would be detrimental to A.O. and that the Riverside County Department of Public Social Services (DPSS) had provided adequate reunification services. At the 12-month review hearing, the court terminated reunification services and ordered that A.O. be placed in a planned permanent living arrangement.

Mother appeals the orders from the six- and 12-month review hearings and, citing the court's failure to advise her of her right to appeal after the disposition hearing, she also appeals the jurisdictional findings and dispositional order. We affirm jurisdiction and disposition but reverse the court's findings at the six- and 12-month review hearings that DPSS had provided reasonable reunification services.

I

FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II

ANALYSIS

1.  *The Merits of Jurisdiction and Disposition Should Be Addressed*

Mother argues that there was insufficient evidence to support the court's jurisdictional findings and its dispositional order removing A.O. from her care. DPSS asserts that mother forfeited these arguments by failing to file a timely notice of appeal after the court issued the dispositional order. Mother concedes her appeal is untimely but asks that we reach the merits of her challenges to those rulings because the trial court violated rule 5.590(a) of the California Rules of Court (rule 5.590(a)) by failing to inform her of her right to appeal at the conclusion of the disposition hearing. We are not aware of any cases addressing the effect of the court's failure to advise a party of the right to appeal under rule 5.590(a). However, there are cases that address rule

---

[1] All further statutory references are to the Welfare and Institutions Code.
* See footnote, *ante*, page 145.

5.590(b) of the California Rules of Court (rule 5.590(b)) and the effect of the court's failure to advise a party of the writ petition requirements for challenging the setting of a section 366.26 hearing. We find that precedent persuasive here.

█    One of the most fundamental rules of appellate review is that the time for filing a notice of appeal is jurisdictional. "[O]nce the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 [61 Cal.Rptr.2d 166, 931 P.2d 344].) "The first appealable order in a dependency case is the dispositional order. . . . [A] challenge to the jurisdictional findings must be raised in an appeal from the dispositional order." (*In re T.W.* (2011) 197 Cal.App.4th 723, 729 [128 Cal.Rptr.3d 373].) Mother should have filed a notice of appeal of the court's jurisdictional and dispositional orders within 60 days of January 29, 2014, the date of the dispositional order. (Cal. Rules of Court, rule 8.406(a).) It is only in very rare and " 'special circumstances constituting an excuse for failure to [timely appeal]' " that an appellate court may grant review of an appealable order by way of extraordinary writ after the deadline to appeal has passed. (*Mauro B. v. Superior Court* (1991) 230 Cal.App.3d 949, 953 [281 Cal.Rptr. 507], citing *Adoption of Alexander S.* (1988) 44 Cal.3d 857, 865 [245 Cal.Rptr. 1, 750 P.2d 778].)

█    Rule 5.590(a) states that "after making its disposition order," the court "*must* advise, orally or in writing, the child, if of sufficient age, and, if present, the parent or guardian of . . . [¶] . . . [t]he right of the child, parent, and guardian to appeal from the court order . . . . (Italics added.) This mandate applies any time a court finds that dependency jurisdiction under section 300, 601, or 602 is proper. (Rule 5.590(a).) Similarly, rule 5.590(b) states that when a court orders a section 366.26 hearing, it "must advise" all parties of the requirements necessary to ensure extraordinary writ review of the order setting the hearing.

*In re Cathina W.* (1998) 68 Cal.App.4th 716 [80 Cal.Rptr.2d 480] held that the juvenile court's failure to advise the mother of her writ rights entitled her to obtain appellate review of the merits of the order setting a section 366.26 hearing, even though the jurisdictional deadline for filing the notice of intent to file a writ petition had passed. (*Cathina W.*, at pp. 722–724 [applying a former rule of court requiring advisal].) The court concluded that the absence of the writ advisement constituted "good cause" for the mother's failure to file a writ petition. (*Id.* at p. 722.) Cases after *Cathina W.* have continued to provide appellate review to parties who did not receive the writ advisement from the court. (See, e.g., *In re Harmony B.* (2005) 125 Cal.App.4th 831, 839 [23 Cal.Rptr.3d 207].)

■    Based on this precedent, we hold that a court's failure to provide the appeal advisement contained in the same rule of court as the writ advisement is a " 'special circumstance[] constituting an excuse for failure to [timely appeal].' " (*Adoption of Alexander S., supra,* 44 Cal.3d at p. 865.) We will therefore reach the merits of mother's challenges to jurisdiction and disposition by treating that portion of her appeal as a petition for an extraordinary writ.

We direct mother's attention to the rule that the notice of appeal must specify each particular order being appealed. (Cal. Rules of Court, rule 8.100(a)(2).) Nowhere in either of mother's notices did she specify that she was appealing jurisdictional and dispositional rulings. In the typical case, this defect would be fatal to her appeal of those rulings, because the rule is a jurisdictional one. (See, e.g., *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 240 [26 Cal.Rptr.3d 798].) However, because we find that there is good cause for mother's late appeal, if we dismissed her challenge to those rulings on this ground, we would also grant her the opportunity to correct and re-file her notice document. In the interests of judicial economy, and because both parties have already fully briefed the issue of the validity of jurisdiction and disposition, we reach the merits of the issue without further delay.

DPSS urges us to deny review on the ground that the court was not required to give the rule 5.590(a) appeal advisement because mother had waived her right to appeal the jurisdictional and dispositional rulings. DPSS would have us find that this waiver occurred at the disposition hearing when mother's counsel stated that mother was "submitting as to reunification services." While a parent's submission "on the recommendation" of the social services agency can constitute waiver of any challenges to the court's order on appeal, mother did no such thing here.

Mother submitted solely on the issue of reunification services, she did not submit to DPSS's recommendation that the court assert jurisdiction over A.O. or remove A.O. from her care. The cases DPSS cites do not support a finding of waiver here because in those cases the parent submitted on the *entirety* of the agency's recommendation and made no effort to object or offer contradictory evidence to the court. (*In re Richard K.* (1994) 25 Cal.App.4th 580, 583, 589 [30 Cal.Rptr.2d 575]; *In re Kevin S.* (1996) 41 Cal.App.4th 882, 886 [48 Cal.Rptr.2d 763].) Mother's submission to the reunification services aspect of DPSS's recommendation did not override her vigorous efforts to contest jurisdiction and removal.

2.–4.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III

DISPOSITION

The court's orders issued at the six- and 12-month review hearings are reversed only with regard to the findings that DPSS provided mother reasonable reunification services, and those findings are vacated. The case is remanded to the court to enter a new order finding that, as of the six- and 12-month review hearings, DPSS failed to provide mother with reasonable reunification services. On remand, the court shall order DPSS to provide mother with reasonable reunification services that are consistent with her case plan. At a minimum, the court shall order DPSS to provide services designed to give mother an opportunity to commence a psychotropic medication program, such as medication evaluation referrals and therapy, as necessary. These services shall be provided for a length of time that is reasonable in light of the circumstances existing when the court enters the new order and that will allow mother a meaningful opportunity to reunify with A.O. (See *In re Taylor J.* (2014) 223 Cal.App.4th 1446, 1453 [168 Cal.Rptr.3d 149]; *In re Alvin R.* (2003) 108 Cal.App.4th 962, 975 [134 Cal.Rptr.2d 210].)

King, Acting P. J., and Miller, J., concurred.

On November 12, 2015, and November 13, 2015, the opinion was modified to read as printed above.

---

[*]See footnote, *ante,* page 145.