Filed 2/26/16  In re G.C. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re G.C., a Person Coming Under the Juvenile Court Law. | C078883 |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>C.O.,<br><br>        Defendant and Appellant. | (Super. Ct. No. JD233988) |

C.O., mother of the minor, appeals from the juvenile court's order terminating her parental rights and freeing the minor for adoption.  (Welf. & Inst. Code, §§ 366.26,

395.)[1]  She contends the juvenile court erred in terminating her reunification services. We dismiss the appeal because review of the challenged order is precluded.

We dispense with a detailed recitation of the factual and procedural background as it is unnecessary to the disposition of this appeal.  It is sufficient to state that a section 300 petition was filed on behalf of the minor on August 19, 2013.  The juvenile court declared the minor a dependent child of the court and ordered reunification services for mother.  At the October 10, 2014, 12-month review hearing, the juvenile court terminated reunification services and set a section 366.26 hearing.  The contested section 366.26 hearing took place on March 25, 2015.  Upon conclusion of the hearing, the juvenile court terminated parental rights.

Mother appeals from the March 25, 2015, section 366.26 order terminating her parental rights.  Nonetheless, the sole substantive contention raised on appeal is that the juvenile court erred in entering its October 2014 12-month review hearing order terminating her reunification services and setting the section 366.26 hearing.

Mother cannot challenge the order setting the section 366.26 hearing because she failed to file a petition for extraordinary writ review.  An order setting a section 366.26 hearing and "any [other] order, regardless of its nature, made at the hearing at which a setting order is entered" must be challenged by filing a petition for extraordinary writ review.  (*In re Anthony B.* (1999) 72 Cal.App.4th 1017, 1024; *id.* at pp. 1021, 1023-1024; § 366.26, subd. (*l*); see Cal. Rules of Court, rules 8.450, 8.452.)[2]  Generally, a party cannot challenge such orders in an appeal unless the party timely filed a petition for writ review and "[t]he petition . . . was summarily denied or otherwise not decided on the merits."  (§ 366.26, subd. (*l*)(1)(C); *id.* subd. (*l*)(1)(A), (*l*)(2).)

_____

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

[2]  Undesignated rule references are to the California Rules of Court.

Mother claims that her trial counsel's failure to file a writ petition on her behalf constituted ineffective assistance of counsel. This claim fails.

Ineffective assistance claims are normally raised by a petition for writ of habeas corpus because they commonly depend on evidence outside the record. Such a claim, however, may be reviewed on direct appeal where there is no satisfactory explanation for trial counsel's act or failure to act. (*In re N.M.* (2008) 161 Cal.App.4th 253, 270; *In re Arturo A.* (1992) 8 Cal.App.4th 229, 243.) Here, however, there is an apparent possible explanation for why mother's trial counsel did not file a writ petition--she did not have the required authorization or specific direction from mother to do so. (*In re Arturo A.,* at p. 243; *In re Cathina W.* (1998) 68 Cal.App.4th 716, 724; see also rule 8.450(e)(3).) "We cannot assume that the decision [not to file a writ petition] was the result of negligence, when it could well have been based upon some practical or tactical decision governed by client guidance." (*In re Arturo A.,* at p. 243.)

Alternatively, mother argues she should be excused from not filing a petition for extraordinary writ review of the October 2014 order setting the section 366.26 hearing because the juvenile court did not provide proper notice of the requirement that she do so.

The failure to file a writ petition may be excused for "good cause," such as where the juvenile court fails to inform the party of the need to file such a petition to challenge the order setting the section 366.26 hearing. (*In re Cathina W., supra*, 68 Cal.App.4th at pp. 722-723.) After entering such an order, the court is required to "advise all parties of the requirement of filing a petition for extraordinary writ review . . . in order to preserve any right to appeal in these issues." (§ 366.26, subd. (*l*)(3)(A).) If a party is not in court when the order is made, notice must be made "by first-class mail by the clerk of the court to the last known address" of that party. (§ 366.26, subd. (*l*)(3)(A); see also rule 5.590(b).)

Here, however, mother was present at the October 2014 twelve-month review hearing and the juvenile court advised her of the requirement of filing a petition for

3

extraordinary writ review in open court and on the record. The juvenile court expressly informed mother that it had set a hearing to select a permanent plan for the minor and "[i]f you wish to preserve any right to review on appeal [from] the order of the Court today in setting the hearing to terminate parental rights, order adoption, grant guardianship or long-term foster care, the notice of intent to file a writ petition and request for record form must be filed on your behalf by your attorney of record within seven days of today's date." The court informed mother where the notice needed to be filed and asked mother if she understood. Mother replied, "[y]es."

Mother argues that this advisement was "flawed" because "[t]he instruction thus given, could be construed to be faulty by suggesting that it was the responsibility of the attorney to file the writ." We find no flaw in the advisement. It is, indeed, the responsibility of the attorney to file the notice of intent on behalf of his or her client. But that responsibility arises only where the client consents to or authorizes the filing of the notice. (*In re Cathina W., supra*, 68 Cal.App.4th at p. 724.) The attorney has no professional duty to file a notice of intent or extraordinary writ petition in the absence of the client's authorization. (*Janice J. v. Superior Court* (1997) 55 Cal.App.4th 690, 692; *Suzanne J. v. Superior Court* (1996) 46 Cal.App.4th 785, 788.) As we concluded in connection with mother's claim of ineffective assistance of counsel, we cannot assume that mother authorized the filing of the notice of intent. Additionally, there is no evidence mother did, in fact, misconstrue the advisement. She simply argues that it "could," in the abstract, "be construed to be faulty." Thus, mother has failed to establish good cause for her failure to file a writ petition.

Since neither ineffective assistance of counsel nor any other good cause justifies mother's failure to file a writ petition, mother may not challenge the October 2014 order in this appeal. Having failed to raise any issue with respect to the March 25, 2015, section 366.26 order from which mother appealed, the appeal is dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

4

DISPOSITION

The appeal is dismissed.


                                           /s/
                                        Blease, Acting P. J.


We concur:


      /s/
      Butz, J.


      /s/
      Duarte, J.