Filed 8/26/19

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re J.F. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. B.F., Defendant and Appellant. | E072301 <br><br> (Super.Ct.Nos. J270044 & J270045) <br><br> OPINION |

APPEAL from the Superior Court of San Bernardino County. Steven A. Mapes, Judge. Affirmed.

Liana Serobian, under appointment by the Court of Appeal, for Defendant and Appellant.

Michelle D. Blakemore, County Counsel, and Jamila Bayati, Deputy County Counsel, for Plaintiff and Respondent.

B.F. (father) purports to appeal from a juvenile court order denying his petition under Welfare and Institutions Code section 388 (all additional undesignated statutory references are to the Welfare and Institutions Code), in which he requested family reunification services and increased visitation with his twin sons, J.F. and C.F. Although the order denying father's petition is appealable, and father filed his notice of appeal within the time to appeal from that order, the notice of appeal expressly stated father was appealing only from the order terminating his parental rights to the boys that was entered 44 days after denial of his petition. Because father's notice of appeal is clear and unambiguous about what he meant to appeal, we cannot liberally construe it to embrace the omitted order denying the section 388 petition and, hence, we lack jurisdiction to review that order. And, because father presents no reasoned argument why the juvenile court erred by terminating his parental rights, father has waived his challenge to the sole order properly before us. Therefore, we must affirm.

I.

PROCEDURAL BACKGROUND

The underlying facts of this case are not germane to the dispositive question of this court's jurisdiction to review the January 22, 2019 order denying father's section 388 petition. In brief, the juvenile court found that J.F. and C.F. were dependent children within the meaning of section 300, bypassed reunification services for father and mother (who is not a party to this appeal), and set a hearing pursuant to section 366.26 for the selection of a permanent plan. (§ 361.5, subd. (b).) The juvenile court continued the hearing to permit the San Bernardino County Department of Children and Family

Services (CFS) additional time to locate an adoptive home for the boys and ordered paternity testing for father.  When the tests confirmed father's biological paternity, he petitioned the juvenile court pursuant to section 388 to be declared the boys' presumed father.  The juvenile court denied the petition, but father did not appeal that order.

After conducting a permanency planning review hearing, the juvenile court again set a section 366.26 hearing.  Father then filed a second section 388 petition requesting reunification services and increased visitation.  On January 22, 2019, the juvenile court denied father's most recent petition after hearing an offer of proof about changed circumstances and arguments as to why the requested orders would be in the boys' best interest.  The court continued the section 366.26 hearing to March 7, 2019.  Father did not immediately file a notice of appeal from the order denying his second petition.

Finally, on March 7, 2019, the juvenile court terminated mother and father's paternal rights and freed the boys for adoption.  Although he was represented by appointed counsel in the juvenile court, father personally completed and filed a notice of appeal the same day, indicating he was appealing the order terminating his parental rights.

II.

DISCUSSION

Father argues the juvenile court abused its discretion when it summarily denied his most recent section 388 petition.  According to father, he was entitled to relief because he demonstrated changed circumstances and the relief he sought—reunification services and increased visitation—was in the boys' best interests.  Because we conclude father did not

3

actually appeal from the January 22, 2019 order denying his second section 388 petition, and we cannot liberally construe father's notice of appeal to embrace that order, we lack jurisdiction to address the merits of father's argument. Although father properly appealed from the March 7, 2019 order terminating his parental rights, we must affirm it because he has failed to provide any reasoned argument why that order should be reversed.

"'[A]n appealable judgment or order is a jurisdictional prerequisite to an appeal.'" (*Hedwall v. PCMV, LLC* (2018) 22 Cal.App.5th 564, 571.) "Because the right to appeal is strictly statutory, a judgment or order is not appealable unless a statute expressly makes it appealable. [Citations.] 'Appeals in dependency proceedings are governed by section 395 . . . .' [Citations.] Section 395 provides in pertinent part that '[a] judgment in a proceeding under Section 300 may be appealed in the same manner as any final judgment, and any subsequent order may be appealed as an order after judgment.' (§ 395, subd. (a)(1).)" (*In re Michael H.* (2014) 229 Cal.App.4th 1366, 1373, fn. omitted.) The judgment in dependency proceedings is the dispositional order. (*In re S.B.* (2009) 46 Cal.4th 529, 532.) "'"A consequence of section 395 is that an unappealed disposition or postdisposition order is final and binding and may not be attacked on an appeal from a later appealable order."'" (*Ibid.*; accord, *In re A.A.* (2016) 243 Cal.App.4th 1220, 1234.)

In addition, "the timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction." (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 670; see Cal Rules of Court,

rules 8.100, 8.104.) "'[O]nce the deadline [to appeal] expires, the appellate court has no power to entertain the appeal.'" (*In re A.O.* (2015) 242 Cal.App.4th 145, 148, quoting *Van Beurden Ins. Services*, *Inc. v. Customized Worldwide Weather Ins. Agency*, *Inc.* (1997) 15 Cal.4th 51, 56.)

There is no question the January 22, 2019 order denying father's second section 388 petition was an appealable postjudgment order (*In re Shirley K.* (2006) 140 Cal.App.4th 65, 71), and father's March 7 notice of appeal was otherwise timely because he filed it less than 60 days later. (Cal. Rules of Court, rule 8.104(a).) The sole issue here is whether father properly appealed from that order in the first place. A notice of appeal "is sufficient if it identifies the particular judgment or order being appealed." (Cal. Rules of Court, rules 8.100(a)(2), 8.405(a)(3).) "'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.' [Citation.] We have no jurisdiction over an order not mentioned in the notice of appeal." (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.)

Father's notice of appeal (Judicial Council Forms, form JV-800) filed on March 7, 2019, indicates he intended to appeal only from the order entered that day terminating his parental rights.[1] Under the heading, "I appeal from the findings and orders of the court (*specify date of order or describe order*)," father wrote, "3/7/19 The court terminated parental rights." And, under the heading, "The order appealed from was made under Welfare and Institutions Code section (*check all that apply*)," father checked the boxes

---

[1] As noted, *ante*, although father was represented by appointed counsel in the juvenile court, he completed the notice of appeal himself.

5

for, "**Section 366.26**" and "Termination of parental rights." Tellingly, father *did not* check the catchall box for "Other appealable orders relating to dependency (*specify*)" (or any other box, for that matter), and nowhere did father indicate on the notice that he intended to appeal from the order entered January 22 or that he was appealing the denial of his second section 388 petition.[2]

Generally, we must liberally construe a notice of appeal in favor of its sufficiency. (Cal. Rules of Court, rules 8.100(a)(2), 8.405(a)(3).) A notice of appeal shall be "'liberally construed so as to protect the right of appeal if it is *reasonably clear* what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.'" (*In re Joshua S.* (2007) 41 Cal.4th 261, 272, quoting *Luz v. Lopes* (1960) 55 Cal.2d 54, 59, italics added; accord, *Norco Delivery Service, Inc. v. Owens-Corning Fiberglas, Inc.* (1998) 64 Cal.App.4th 955, 960-961 ["This policy is especially vital where the faulty notice of appeal engenders no prejudice and causes no confusion concerning the scope of the appeal."].) For example, in *In re Daniel Z.* (1992) 10 Cal.App.4th 1009, the notice of appeal specified the juvenile court's jurisdictional finding instead of the dispositional order. (*Id.* at p. 1017.) Applying the rule of liberal construction, the appellate court rejected the argument that the appeal should be dismissed because the parents appealed from the nonappealable jurisdictional order and not from the appealable dispositional order. "Liberal construction is particularly

---

[2] We have found nothing in the record prepared by father or by his attorney that clearly indicates father intended to appeal from the January 22, 2019 order denying his most recent section 388 petition.

appropriate here because the jurisdictional finding and dispositional order were rendered simultaneously on January 9, 1992—the date specified in the notice of appeal—and are reflected for each child in a single written order." (*Ibid*.; see Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2018) ¶¶ 3:130.1-3:130.4, pp. 3-60 to 3-62 [providing additional examples].)

But there are limits to our ability to liberally construe a notice of appeal. "The policy of liberally construing a notice of appeal in favor of its sufficiency [citation] does not apply if the notice is so specific it cannot be read as reaching a judgment or order not mentioned at all." (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173; see Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs, *supra*, ¶ 3:130.5, pp. 3-63 to 3-64.) "[I]t is well 'beyond liberal construction' to view an appeal from one order as an appeal from a 'further and different order.' [Citation.] 'Despite the rule favoring liberal interpretation of notices of appeal, a notice of appeal will not be considered adequate if it completely omits any reference to the judgment being appealed.' [Citation.] 'The rule favoring appealability in cases of ambiguity cannot apply where there is a clear intention to appeal from only . . . one of two separate appealable judgments or orders.'" (*Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 225-226.) Therefore, when a notice of appeal manifests a "'clear and unmistakable'" intent to appeal only from one order, we cannot liberally construe the notice to apply to a different, omitted order. (*Unilogic, Inc. v. Burroughs Corp*. (1992) 10 Cal.App.4th 612, 625, quoting *Glassco v. El Sereno Country Club, Inc*. (1932) 217 Cal. 90, 91-92; accord, *Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 846 [declining to liberally construe notice of appeal to include corrected judgment

7

"where every indication in the record" showed appellant only intended to appeal from original judgment].)

As indicated *ante*, father's March 7, 2019 notice of appeal makes no mention of the January 22 order denying his section 388 petition. Instead, the notice expressly states father intended to appeal solely from the March 7 order terminating his parental rights. In his briefs, father essentially concedes his notice of appeal completely omits any reference to the order denying his most recent section 388 petition or the date the juvenile court issued that order, but he argues we should nonetheless liberally construe the notice to embrace the omitted order. Relying on *In re Madison W.* (2006) 141 Cal.App.4th 1447 (*Madison W.*), father contends we may construe a notice of appeal "challenging an order terminating parental rights as also encompassing an earlier order denying the parent's section 388 petition so long as the earlier order was issued within 60 days of the date appellant filed the notice of appeal."

The mother in *Madison W.* timely filed a notice of appeal "stating she was appealing from the January 13, 2006 order terminating parental rights," but "[t]he notice of appeal contained no reference to the January 10 order denying [her] section 388 petition." (*Madison W.*, *supra*, 141 Cal.App.4th at pp. 1449-1450.) The appellate court indicated it "frequently receiv[ed] notices of appeal challenging the termination of parental rights and nothing more despite the fact that on or before the same day as the termination order but within 60 days of when the notice of appeal was filed [citation], the [juvenile] court also denied the parent's eleventh-hour section 388 petition." (*Id.* at p. 1450.) The court routinely deemed those notices of appeal to include the earlier order.

8

"First, the denial of such a section 388 petition is an appealable order. [Citation.] Second, the parent's notice of appeal is entitled to our liberal construction. [Citation.] Third, appellate jurisdiction to review an appealable order depends upon a timely notice of appeal. [Citation.] Fourth, the notice of appeal would be timely as to the denial of the parent's section 388 petition, provided the trial court denied the parent's section 388 petition within 60 days of when the parent filed the notice of appeal. [Citation.] And, finally, respondent is not prejudiced." (*Ibid.*)

The appellate court stated it was not condoning "the practice of only citing the termination order in the notice of appeal if there was also an order denying the parent's section 388 petition made at or close to the termination hearing," and it was not condoning "any omission on appellate counsel's part to carefully review the notice of appeal and promptly bring the issue to [the] court's attention." (*Madison W.*, *supra*, 141 Cal.App.4th at pp. 1450-1451.) Nonetheless, the court indicated it was being "pragmatic" and liberally construed the notice of appeal in that case to embrace the omitted order denying the mother's section 388 petition. (*Madison W.*, at p. 1451.)

In *Madison W.*, the juvenile court denied the mother's section 388 petition a mere three days before it terminated parental rights and the mother filed her notice of appeal. (*Madison W.*, *supra*, 141 Cal.App.4th at pp. 1449-1450.) Here, father's notice of appeal from the termination order was not filed until *44* days after the juvenile court denied his most recent section 388 petition. But even if that factual distinction between this case

9

and *Madison W.* is jurisdictionally meaningless because father's notice of appeal was filed within 60 days of the order denying his most recent section 388 petition (*Madison W.*, at pp. 1450-1451), we still decline to follow *Madison W.* because it failed to recognize the well-settled limits on the rule of liberal construction. The appellate court expressly stated the notice of appeal in that case "contained no reference" to the order denying her section 388 petition three days earlier (*Madison W.*, at p. 1450) and, as far as we can tell from the court's partially published opinion, the notice of appeal was unambiguous as to what the mother purported to appeal from. Yet, the court still construed the notice of appeal to embrace the unmentioned order denying the mother's section 388 petition. (*Madison W.*, at p. 1451.)

As stated *ante*, a notice of appeal must be construed liberally to encompass an order not expressly mentioned only when it is "'reasonably clear'" the appellant intended to appeal from the unmentioned order. (*In re Joshua S.*, *supra*, 41 Cal.4th at p. 272.) To repeat, the policy of liberal construction "does not apply if the notice is *so specific* it cannot be read as reaching a judgment or order not mentioned at all." (*Filbin v. Fitzgerald*, *supra*, 211 Cal.App.4th at p. 173, italics added.) Father's notice of appeal in this case is very specific and manifests a "'clear and unmistakable'" intent to appeal solely from the March 7, 2019 order terminating his parental rights and not from the

order entered 44 days earlier denying his second section 388 petition.[3]  (*Unilogic*, *Inc*. *v*. *Burroughs Corp*., *supra*, 10 Cal.App.4th at p. 625.)

Although we too strive to be pragmatic within the settled limits of our duty to liberally construe notices of appeal, applying the rule from *Madison W*. in a case like this—where the order denying the section 388 petition was entered many days before the juvenile court terminated parental rights, and the notice of appeal from the termination order did not mention whatsoever the earlier order or the date it was entered—goes "'beyond liberal construction' to view an appeal from one order as an appeal from a 'further and different order.'"  (*Baker v. Castaldi*, *supra*, 235 Cal.App.4th at p. 225.)  Moreover, although the *Madison W*. court stated it was not condoning poor appellate practices (*Madison W*., *supra*, 141 Cal.App.4th at pp. 1450-1451), to the extent the rule in that case could be read to apply to cases such as this one, it has the practical effect of encouraging such poor practices.

---

[3]  In his reply brief, father contends "[i]t is very much probable that trial counsel for appellant, in reliance on existing law—*Madison W*.—determined it would have been a waste of scarce judicial time and resources to file multiple notices of appeal when a termination hearing was coming up and a single Notice of Appeal would have been sufficient."  We agree with the assertion that, because the termination order was entered less than 60 days after the order denying father's most recent section 388 petition, there was no need for him to file more than one notice of appeal.  However, for the reasons stated in this opinion, we disagree with the premise that a notice of appeal from the termination order could omit any mention whatsoever of the order entered 44 days earlier.  And, we decline the invitation to guess what father's appointed counsel in the juvenile court may or may not have believed with respect to the notice of appeal because it was father himself who prepared and filed it.  (See, *ante*, fn. 1.)

In sum, because we cannot liberally construe father's notice of appeal to embrace the January 22, 2019 order denying his most recent section 388 petition, we lack jurisdiction to review that order,[4] and the only order properly before us is the juvenile court's March 7 order terminating father's parental rights. But, although father timely and properly appealed from the termination order, his brief provides no arguments whatsoever why the juvenile court erred when it terminated his parental rights and why we should reverse it. Instead, he focused his arguments entirely on why the juvenile court erred by denying his most recent section 388 petition on the assumption we would construe his notice of appeal to embrace that earlier order.

The juvenile court's orders are "presumed to be correct, and it is appellant's burden to affirmatively show error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; accord, *In re Sade C.* (1996)

---

[4] Father argues it is unfair to punish him "for doing what the existing law permits and find him to have forfeited a right to appeal that existed" when he filed his notice of appeal. We disagree with father's implicit assertion that the rule in *Madison W.* was so settled, and that his purported reliance on it requires us to liberally construe the notice of appeal. As set forth in this opinion, the limitations on an appellate court's ability to liberally construe a notice of appeal are well settled.

In contrast, *Madison W.* has only once been cited in a published opinion. In *In re Angelina E.* (2015) 233 Cal.App.4th 583, the juvenile court denied the mother's section 388 petition and terminated her parental rights at the same hearing. (*Id.* at p. 585.) The mother filed a notice of appeal from the termination order "without mentioning the denial of her section 388 petition" but, relying on *Madison W.*, the appellate court "constru[ed] the notice of appeal to encompass that denial." (*In re Angelina E.*, at p. 585, fn. 2, citing *Madison W.*, *supra*, 141 Cal.App.4th at p. 1450.) Notwithstanding the court's citation to *Madison W.*, the rule of liberal construction was properly applied there because the orders were issued simultaneously, and presumably it was reasonably clear the mother intended to appeal from the denial of her section 388 petition as well. (See *In re Daniel Z.*, *supra*, 10 Cal.App.4th at p. 1017.)

13 Cal.4th 952, 994 ["An appealed-from judgment or order is presumed correct."].) "'Appellate briefs must provide argument and legal authority for the positions taken.' [Citation.] 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.'" (*In re A.C.* (2017) 13 Cal.App.5th 661, 672.) Because father has not met his burden of demonstrating reversible error through reasoned argument, we deem his challenge to the order terminating his parental rights to be waived and affirm the order.[5]

## III.

## DISPOSITION

The order terminating father's parental rights is affirmed.

CERTIFIED FOR PUBLICATION

McKINSTER _____
J.

We concur:

RAMIREZ _____
P. J.

FIELDS _____
J.

---

[5] CFS also argues father is not a "party aggrieved" (Code Civ. Proc., § 902) and, therefore, he lacks standing to appeal, because he is merely a biological father and never obtained presumed father status. Because we conclude we lack jurisdiction to review the denial of father's most recent Welfare and Institutions Code section 388 petition, and father has not met his burden of overcoming the presumption of correctness that attached to the subsequent order terminating parental rights, we need not decide whether he lacks standing to appeal.