Filed 2/7/23 M.C. v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| M.C., | C096846 |
| Petitioner, | (Super. Ct. No. STK-JD-DP-2020-0000422) |
| v. | |
| THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, | |
| Respondent; | |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY et al., | |
| Real Parties in Interest. | |

Petitioner M.C., mother of the dependent minor, seeks an extraordinary writ to vacate orders of the juvenile court terminating her reunification services and setting a

1

hearing pursuant to Welfare and Institutions Code section 366.26.[1] (Cal. Rules of Court, rule 8.452.)[2] Petitioner contends the respondent juvenile court failed to properly conduct a hearing on her request for new appointed counsel. She also contends that the inquiry made into the minor's potential Indian heritage was insufficient and failed to comply with the Indian Child Welfare Act (ICWA). (25 U.S.C. § 1901, et seq.) We issued a stay of the section 366.26 hearing in the respondent juvenile court pending resolution of this writ petition and shall now issue a peremptory writ of mandate directing the respondent juvenile court to vacate the ICWA findings and conduct further proceedings to determine whether the ICWA inquiry and notice requirements have been met. We reject petitioner's remaining contention.

We dispense with a detailed recitation of the underlying facts as they are unnecessary to our resolution of the issues. Instead, we discuss the relevant facts where necessary in our discussion of the issues.

DISCUSSION

I

*Request for New Appointed Counsel*

Petitioner's counsel contends the petition must be granted to provide further hearing on petitioner's August 17, 2022 request for new appointed counsel. Petitioner's counsel expressly "does not claim that *on this record* the Respondent Court should have granted the . . . motion." Instead, counsel argues the respondent juvenile court mishandled the motion and a new hearing should be conducted "if Mother still wishes it."

As an initial matter, it is troubling that petitioner's counsel is apparently unaware of petitioner's wishes with respect to the instant petition. Although counsel is authorized

---

[1] Undesignated section references are to the Welfare and Institutions Code.

[2] Further undesignated rule references are to the California Rules of Court.

to file a notice of intent on behalf of a party, the notice must be authorized by the party intending to file the petition and the party must have authorized counsel to file the notice on his, her, or their behalf. (Rule 8.450(e)(3); *Jonathan M. v. Superior Court* (1995) 39 Cal.App.4th 1826, 1830.) A petition may be dismissed in the absence of a showing that the parent consented to, or authorized the filing of, the petition. (*Guillermo G. v. Superior Court* (1995) 33 Cal.App.4th 1168, 1172; *Suzanne J. v. Superior Court* (1996) 46 Cal.App.4th 785, 788; *Janice J. v. Superior Court* (1997) 55 Cal.App.4th 690, 691-692.) Here, petitioner did not, herself, file the notice of intent to file the writ petition nor did she verify the petition. Instead, counsel signed and filed the notice of intent and signed the verification of the petition. This court has not been provided with any documentation that shows that petitioner authorized the filing of the notice of intent, the filing of the instant petition for extraordinary relief, or the assertion of the issues contained in the petition. The petition might reasonably be dismissed based on lack of this documentation coupled with counsel's apparent lack of knowledge of petitioner's wishes. We have nevertheless elected to assume, in this instance, that counsel had the necessary authority to sign and file the notice of intent and verify and file the petition. But counsel is cautioned that understanding the needs and wishes of the client is critical to providing effective appellate advocacy. With that said, we turn to the merits of counsel's contention.

In a dependency proceeding, the parents have a statutory and a due process right to competent counsel. (§ 317.5; *In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1150, 1153, fn. 6.) When counsel is appointed, the parents must have some mechanism for challenging the representation when they perceive inadequacy. Otherwise, the right to counsel is meaningless. Thus, juvenile courts, relying on the *Marsden* model, have permitted the parents to air their complaints about current counsel and request appointment of new counsel. (*People v. Marsden* (1970) 2 Cal.3d 118, 123-124.) An exhaustive *Marsden* hearing is not required in a dependency action. It is only necessary

3

that the juvenile court "make *some* inquiry into the nature of the complaints against the attorney." (*In re James S.* (1991) 227 Cal.App.3d 930, 935, fn. 13.)

Here, the respondent juvenile court did make the required inquiry. At the start of the August 17, 2022 hearing, in a closed session, petitioner's counsel (Deputy Public Defender Rose M. Cardoso) indicated that petitioner was making a *Marsden* motion because petitioner was dissatisfied with her previously assigned attorney (Deputy Public Defender Jennifer A. Windt) and her office's representation. The respondent juvenile court asked petitioner to explain her reasons. Petitioner then explained that attorney Windt had not responded to her messages or to her attempts to determine what she should do to regain custody of the minor and that no one at the office had returned her calls. In response to the court's questioning, petitioner indicated she did not have any issues with attorney Cardoso (who had been responsive) and was satisfied with her continued representation, although she maintained she did not think the public defender's office was "doing any justice" in not responding to her calls. The respondent juvenile court denied her motion.

Here, the respondent juvenile court permitted petitioner to present her complaints about counsel's representation. Petitioner does not contend that the respondent juvenile court erred in not granting her request and appointing new counsel at the hearing. We conclude the respondent juvenile court made an adequate inquiry into petitioner's complaints and a new hearing on petitioner's August 17, 2022 request is not required.

II

*ICWA Compliance*

Petitioner also contends that further inquiry of relatives and family members about the minor's potential Indian heritage is necessary to meet the requirements of the ICWA. With this, we agree.

At the commencement of this dependency case in 2014, petitioner and the minor's father stated they had no known Indian heritage, signing ICWA-020 forms to that effect.

4

The Los Angeles County Superior Court found the case was not governed by the ICWA at the February 7, 2014 detention hearing, based on the parents' early representations. Thereafter, however, the Los Angeles County Department of Children and Family Services (Department) reported that petitioner was not raised by her natural parents. Petitioner never knew her father, and her mother died when she was four years old. She was raised by her maternal grandmother. The minor's father lived with various relatives from the time he was very young until the age of 13, when he did live with his father. These facts raise concern that petitioner's and the minor's father's claims of no Indian heritage may not have been fully informed. Yet, it does not appear the Los Angeles County Superior Court required the Department make any further inquiries of parents' known relatives, nor does it appear the Department made any such inquiries over the nearly seven years this dependency case remained in Los Angeles County.

By the time this case was transferred to the respondent juvenile court in October 2020, the Legislature had amended the ICWA laws to expressly require an agency ask known family members about possible Indian ancestry under circumstances such as those present in this case. "Under [the] ICWA as amended, the Department and juvenile court have 'three distinct duties.' [Citations.] The first duty is the initial 'duty' of the Department and the juvenile court 'to inquire whether [a] child is an Indian child.' (§ 224.2, subds. (a) & (b).) The Department discharges this duty chiefly by 'asking' family members 'whether the child is, or may be, an Indian child.' (*Id*., subd. (b).) This includes inquiring of not only the child's parents, but also others, including but not limited to, 'extended family members.' (*Ibid*.)" (*In re Dezi C*. (2022) 79 Cal.App.5th 769, 780, review granted Sept. 21, 2022, S275578.) In the current case, it does not appear the Department fulfilled those requirements prior to the transfer, nor does it appear the San Joaquin County Human Services Agency (Agency) made further inquiries of relatives after the case was transferred to San Joaquin County.

5

The juvenile court and the social services department have an affirmative and continuing duty, beginning at initial contact and continuing throughout the pendency of the proceedings, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Rule 5.481(a); § 224.2, subd. (a).) The Agency contends there was no error here because the Department asked and both parents denied Indian ancestry. The Agency asserts there was nothing in the record to suggest that parents may be ill-informed or incorrect in their denial of Indian ancestry. With this we must disagree. Although parents denied knowledge of any Indian ancestry, the Department subsequently discovered that the minor's parents were not raised by their parents. They very well may not have been fully aware of the ancestry of their parents. Yet, neither the Department nor the Agency made any effort to inquire of any other relatives about possible Indian heritage.

Recently, the California Supreme Court granted review in *In re Dezi C.* and we anticipate further clarification on this issue. (*In re Dezi C., supra*, 79 Cal.App.5th at pp. 779-782, rev. granted.) Until such time, we must apply the analytical framework set forth by the California Supreme Court in *In re A.R.* for assessing harm and conclude the failure to make any ICWA inquiry of other accessible relatives was not harmless. (*In re A.R.* (2021) 11 Cal.5th 234, 252-254.) The parents in this case may not have had even the usual access to family lineage information, and the intent underlying the ICWA and related California law is to protect third party rights. Accordingly, we must grant the petition to assure compliance with the ICWA.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent juvenile court to (1) vacate the finding that the ICWA inquiry and notice provisions were satisfied and that the ICWA does not apply, and (2) order the Agency to conduct further inquiry regarding petitioner's and the minor's father's ancestry, including reasonable efforts to inquire of parents' relatives. The respondent juvenile court is then directed to enter updated ICWA findings prior to proceeding with a section 366.26 hearing. The petition for extraordinary writ is denied as to the remaining issue. Having served its purpose, the stay previously issued by this court on December 9, 2022, is vacated. This decision is final forthwith as to this court. (Rule 8.490(b)(2)(A).)

      /s/
      ROBIE, Acting P.J.

We concur:

/s/
KRAUSE, J.

/s/
BOULWARE EURIE, J.