Filed 2/25/26  In re A.M. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,   Plaintiff and Respondent, | E086031 |
| | (Super.Ct.No. J274989) |
| v. | OPINION |
| A.M.,   Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Affirmed.

Pamela Rae Tripp, under appointment by the Court of Appeal, for Defendant and Appellant.

Tom Bunton, County Counsel, and Helena C. Rho, Deputy County Counsel, for Plaintiff and Respondent.

1

# INTRODUCTION

Anthony M. (Father) filed a Welfare and Institutions Code[1] section 388 petition seeking increased visitation with his minor son A.M. The juvenile court summarily denied the petition without holding a hearing, and Father timely filed a notice of appeal. The same day Father filed his notice of appeal, he filed a second section 388 petition that also sought increased visitation with A.M. The juvenile court summarily denied the second petition without holding a hearing, and Father did not appeal the denial.

Father contends the juvenile court abused its discretion by summarily denying his section 388 petitions without holding an evidentiary hearing. San Bernardino County Children and Family Services (CFS) contends the juvenile court properly denied the petitions. CFS also asserts that we must limit our review to the first section 388 petition because Father did not appeal the denial of the second petition.

We agree with CFS. Father's failure to appeal the second petition was a jurisdictional defect that cannot be cured by liberally construing the notice of appeal. We therefore limit our review to Father's first section 388 petition and conclude the juvenile court did not abuse its discretion in summarily denying the petition. Accordingly, we affirm.

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

2

# BACKGROUND

A. *The Underlying Dependency Proceedings*

In February 2018, CFS received a report that Janeen G. (Mother) and A.M. both tested positive for amphetamines and marijuana when A.M. was born. CFS initiated an investigation. Mother acknowledged that she "'relapsed'" shortly before going into labor and admitted to using methamphetamine and marijuana. Mother also reported that she and Father broke up before she found out she was pregnant, and that Father was currently incarcerated at the High Desert Detention Center. A records check revealed that Father had prior convictions for possession of methamphetamine (July 2017) and public intoxication (April and July 2015). CFS temporarily removed A.M. from Mother, and upon A.M.'s release from the hospital, placed him with the maternal grandmother.

On February 22, 2018, CFS filed a dependency petition that alleged failure to protect as to both parents based on their current substance abuse issues (§ 300, subd. (b)(1); allegations b-1 & b-2), and no provision for support as to Father based on his current incarceration (§ 300, subd. (g); allegation g-3).

The juvenile court ordered A.M. detained on February 23, 2018. The court also ordered Mother to take a drug test, and ordered Father to take a paternity test. Mother's drug test came back positive for amphetamines, opiates, and marijuana. The paternity test established that Father was A.M.'s biological Father.

On April 23, 2018, Father was sentenced to five years in state prison on a pending robbery charge.

A combined jurisdiction and disposition hearing was held a few days later, on April 26, 2018. The juvenile court amended the b-2 allegation to allege Father had a history of substance abuse, and then sustained the petition as amended. The court ordered reunification services and supervised visitation for Mother, but not for Father. The court found it was not in A.M.'s best interest to offer Father reunification services. The court maintained A.M.'s placement with the maternal grandmother.

Mother's reunification services were later terminated at the six-month review hearing.

On April 18, 2019, the juvenile court appointed the maternal grandmother as A.M.'s legal guardian and ordered supervised visitation between A.M. and both parents for a minimum of once a month for two hours. Father's counsel objected to the guardianship, but did not offer any evidence or argument on Father's behalf.

On June 13, 2019, the juvenile court discharged the dependency. The court retained jurisdiction over A.M. as a ward of the legal guardianship (see § 366.3, subd. (a)(3)), and it kept the order for supervised visitation in place.

B. *Father's Section 388 Petitions*

About six years later, on April 9, 2025,[2] Father filed a section 388 petition in propria persona that sought "visitation/custody." Father alleged the requested change in order was in A.M.'s best interest because: A.M. "would be best with me/Dad" and A.M. "[w]ants to be with [F]ather." Father did not attach any documentation to the petition or

---

[2] All further date references are to the year 2025.

4

provide any further information.  The juvenile court summarily denied the petition on April 11 because it did not state new evidence or a change of circumstances, nor did it promote A.M.'s best interest.

On April 17, Father timely filed a notice of appeal challenging the denial of his petition.  The notice of appeal stated Father is appealing "visitation [schedule] time with my son."

The same day Father filed his notice of appeal, Father filed a second section 388 petition, also in propria persona.  The petition stated:  "I have a relationship with my son and I want visitation[] with him.  I've had visitation[] with him in the past, not court ordered.  I want a court order [for] visitation."  The petition stated Father was seeking "visitation every weekend[]" and set dates and times "for holidays [and] birthday[s]." Father alleged his circumstances had changed because he had two jobs, was stable, and he had a home.  Father stated the requested change in order was in A.M.'s best interest because it would "bring [them] closer," allow them to have a "better relationship with each other," to "fill[] in" for the time they spent apart, and it would be "better for [A.M.'s] mental health."

The juvenile court summarily denied the petition on April 18 because it did not state new evidence or a change of circumstances, nor did it promote A.M.'s best interest.

Father did not appeal the denial of the second section 388 petition.

5

**DISCUSSION**

A. *Denial of the Second Section 388 Petition*

Father contends we should liberally construe his notice of appeal to encompass the denial of the second section 388 petition because both petitions sought the same relief, and the second petition "was simply to correct or modify what may have been missing from [the] first petition." Thus, Father contends, appellate review of the second petition is warranted on grounds of "judicial economy and general justice for an in pro[.] per[.] litigant." CFS contends we lack jurisdiction to review the denial of the second section 388 petition because Father did not file a notice of appeal following the denial order. We agree with CFS.

The denial of a section 388 petition is an appealable order. In a dependency proceeding, "any subsequent order" issued after the dispositional order "may be appealed as an order after judgment." (§ 395, subd. (a)(1); *In re S.B.* (2009) 46 Cal.4th 529, 531–532.) This includes the denial of a section 388 petition. (*In re K.C.* (2011) 52 Cal.4th 231, 235–236.)

When an order is appealable, the aggrieved party must file a timely notice of appeal from the order to obtain appellate review. (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 239 (*Sole Energy*).) "One of the most fundamental rules of appellate review is that the time for filing a notice of appeal is jurisdictional." (*In re A.O.* (2015) 242 Cal.App.4th 145, 148; *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 670 ["the timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction"].)

6

Appellate jurisdiction "cannot be conferred 'by the consent or stipulation of the parties, estoppel, or waiver' [citations] or by the 'relative merits of an appeal.'" (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1216.)  Nor can the reviewing court relieve a party from default for failing to timely file a notice of appeal.  (Cal. Rules of Court, rule 8.60(d).)[3]  "'Unless the notice [of appeal] is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal.'" (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.)

Once a notice of appeal has been timely filed, the liberal construction requirement "compels a reviewing court to evaluate whether the notice, despite any technical defect, nonetheless served its basic function—to provide notice of who is seeking review of what order or judgment—so as to properly invoke appellate jurisdiction." (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 883.)  The reviewing court should avoid an "overly technical attempt to parse the notice of appeal's language." (*In re Joshua S.* (2007) 41 Cal.4th 261, 272.)  A notice of appeal will be deemed sufficient "if it identifies the particular judgment or order being appealed." (Rules 8.100(a)(2), 8.405(a)(3).)

However, there are limits to our ability to liberally construe a notice of appeal. "[I]t is well 'beyond liberal construction' to view an appeal from one order as an appeal from a 'further and different order.' [Citation.] 'Despite the rule favoring liberal interpretation of notices of appeal, a notice of appeal will not be considered adequate if it completely omits any reference to the judgment [or order] being appealed.'" (*Baker v.*

---

[3] All further rule references are to the California Rules of Court.

*Castaldi* (2015) 235 Cal.App.4th 218, 225; *In re J.F.* (2019) 39 Cal.App.5th 70, 76.) "'"[W]here several judgments and/or orders occurring close in time are separately appealable …, each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal."'" (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173; *Sole Energy*, *supra*, 128 Cal.App.4th at p. 239.) The filing of a notice of appeal is not merely a procedural step; it is a jurisdictional requirement: "where no appeal is taken from an appealable order, a reviewing court has no discretion to review its merits." (*Berge v. Int'l Harvester Co.* (1983) 142 Cal.App.3d 152, 158.)

This authority compels us to conclude that we cannot liberally construe Father's notice of appeal to encompass the order denying Father's second section 388 petition. Although both of Father's petitions sought similar relief (increased visitation with A.M.), Father sought that relief through two separately filed petitions, and the juvenile court issued two separate denial orders—one on April 11, and one on April 18. Each denial order the court issued was separately appealable as an order after judgment. (§ 395, subd. (a)(1).) Yet Father only filed a single notice of appeal following the first denial order. Father's notice of appeal was not ambiguous; it specifically stated he was appealing the April 11 denial order. And importantly, he filed his notice of appeal on April 17, before the juvenile court had even considered his second petition. Father does not point us to any authority that would allow us to liberally construe a notice of appeal to encompass an appealable order that was issued *after* the notice of appeal was filed that

8

the party did not appeal.[4]  Neither judicial economy, nor Father's status as a self-represented litigant give us the jurisdiction to review an appealable order that a party did not appeal.  (See *First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1 ["""the in propria persona litigant is held to the same restrictive rules of procedure as an attorney"""].)

Accordingly, we conclude that we lack jurisdiction to review the denial of Father's second section 388 petition.  Father's failure to appeal the denial of the second petition is a jurisdictional defect that we cannot cure by liberally construing the notice of appeal.  We will therefore limit our review to the denial of Father's first section 388 petition.

B. *Denial of the First Section 388 Petition*

Section 388 allows a parent, "upon grounds of change of circumstance or new evidence" to petition the juvenile court "for a hearing to change, modify, or set aside any order of court previously made."  (§ 388, subd. (a)(1).)  "If it appears that the best interests of the child … may be promoted by the proposed change of order, … the court shall order that a hearing be held."  (§ 388, subd. (d).)

Section 388 petitions are to be liberally construed in favor of granting a hearing.  (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309; rule 5.570(a).)  However, to obtain "a full

---

**4** We recognize that the reviewing court may treat a prematurely filed notice of appeal as having been filed from an order issued after the notice of appeal was filed.  (Rule 8.406(d).)  But Father does not contend his notice of appeal was prematurely filed, nor do we see any basis for treating it as prematurely filed.  It would be "inconsistent" to treat Father's notice of appeal both as a timely filed notice of appeal from the first denial order and as a premature notice of appeal from the second denial order.  (*People v. Denham* (2014) 222 Cal.App.4th 1210, 1214.)

hearing" on a section 388 petition, the parent must make a prima facie showing of their entitlement to relief. (*In re Marilyn H.*, *supra*, at p. 310.) This is done by alleging facts, that "if supported by evidence given credit at the hearing, would sustain a favorable decision on the petition." (*In re J.P.* (2014) 229 Cal.App.4th 108, 127.)

There are two parts to the prima facie showing. The parent must demonstrate: (1) a genuine change of circumstances or new evidence, and (2) that revoking the previous order would be in the child's best interest. (*In re Anthony W.* (2001) 87 Cal.App.4th 246, 250 (*Anthony W.*).) "To make a prima facie showing under section 388, the allegations of the petition must be specific … and must not be conclusory." (*In re Alayah J.* (2017) 9 Cal.App.5th 469, 478; *In re Edward H.* (1996) 43 Cal.App.4th 584, 593 ["specific allegations describing the evidence constituting the proffered changed circumstances or new evidence" are required].) "If the liberally construed allegations of the petition do not show changed circumstances such that the child's best interests will be promoted by the proposed change of order, the dependency court need not order a hearing." (*Anthony W.*, *supra*, at p. 250; rule 5.570(d)(1).)

We review the summary denial of a section 388 petition for abuse of discretion. (*In re A.S.* (2009) 180 Cal.App.4th 351, 358.) "Under this standard of review, we will not disturb the decision of the trial court unless the trial court exceeded the limits of legal discretion by making an arbitrary, capricious or patently absurd determination." (*Ibid.*)

Father's first section 388 petition sought to modify the "visitation/custody" order under which he was entitled to a minimum of two hours per month of supervised visitation with A.M. However, Father did not identify a change in circumstance, and he

10

offered only a conclusory allegation that increased visitation was in A.M.'s best interest because A.M. "would be best with me/Dad," and A.M. "wants to be with [F]ather."

Having failed to identify a change in circumstance and having offered only a conclusory allegation that increased visitation was in A.M.'s best interest, the juvenile court did not abuse its discretion in summarily denying Father's petition. (*Anthony W.*, *supra*, 87 Cal.App.4th at p. 250; rule 5.570(d)(1).)

## DISPOSITION

The order entered by the juvenile court on April 11, 2025, denying Father's section 388 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

FIELDS
J.

MENETREZ
J.

11