Filed 12/3/20  Anthony D. v. Superior Court CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ANTHONY D.,<br><br>　　　Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT FOR THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　Respondent;<br><br>SAN FRANCISCO HUMAN SERVICES AGENCY et al.,<br><br>　　　Real Parties in Interest. | A160990<br><br>(San Francisco City & County Super. Ct. No. JD19-3169) |

　　　MEMORANDUM OPINION[1]

　　　Anthony D. (father) petitions this court for extraordinary writ review of a juvenile court order setting a selection-and-implementation hearing under Welfare and Institutions Code[2] section 366.26 for his daughter, 18-month-old M.D.  Father claims that insufficient evidence supports the court's decision to terminate reunification services and set a hearing under section 366.26.  We

---

　　　[1] We resolve this case by a memorandum opinion in accordance with California Standards of Judicial Administration, section 8.1.

　　　[2] All further statutory references are to the Welfare and Institutions Code.

1

agree with the San Francisco Human Services Agency (Agency), however, that father's notice of intent to file a writ petition was untimely. Because father has not offered any excuse for his failure to comply with the applicable time limit, we dismiss his petition.

The underlying facts are not relevant to our disposition. Briefly, in June 2019 the Agency filed a petition seeking dependency court jurisdiction over then one-month-old M.D. under section 300, subdivisions (b)(1) and (j). Most of the allegations involved C.A. (mother), who used methamphetamine during the pregnancy in violation of her parole, had diagnoses of bipolar disorder and manic depression, and previously failed to reunify with four of M.D.'s older half-siblings.[3] M.D. was not removed from parental custody, and the case proceeded as a family maintenance case.

A few months later, after father left M.D. in mother's care in violation of the family's safety plan, M.D. was removed and an amended petition was filed. At the January 2020 jurisdiction/disposition hearing, the juvenile court sustained allegations involving mother's substance abuse, mental health issues, and previous child welfare history, as well as an amended allegation under section 300, subdivision (b)(1), involving father's "minimiz[ing]" of mother's substance abuse problem. Father was granted six months of reunification services.

Over the next several months, father visited with M.D. and completed a parenting program, but he did not undergo a substance abuse assessment or begin individual therapy as his case plan required. At the six-month review hearing on September 11, 2020, at which father appeared and testified, the juvenile court found that reasonable services were provided but both parents "failed to participate in and make substantial progress in the court-ordered

---

[3] Mother did not file a petition for extraordinary writ review.

2

treatment program." It also found that there was "not a substantial probability" of M.D.'s return to parents' care. The court then terminated parents' reunification services and set a section 366.26 hearing for January 6, 2021.

A party who seeks writ review under section 366.26, subdivision (*l*), must first file a notice of intent to file a writ petition. (Cal. Rules of Court, rule 8.450(e).)[4] The deadline to file a notice of intent varies depending on the manner by which the filing party received notice of the order setting the section 366.26 hearing. (Rule 8.450(e)(4).) This time requirement, which ensures that writ petitions are resolved before the section 366.26 hearing occurs, is "mandatory." (*Roxanne H. v. Superior Court* (1995) 35 Cal.App.4th 1008, 1012; *Steve J. v. Superior Court* (1995) 35 Cal.App.4th 798, 807.) Thus, although reviewing courts generally should decide writ petitions "on the merits by written opinion" (rule 8.452(h)(1); § 366.26, subd. (*l*)(4)(B)), an untimely notice of intent requires dismissal of the petition unless good cause is shown for the lack of compliance. (*Jonathan M. v. Superior Court* (1995) 39 Cal.App.4th 1826, 1830–1831; *Roxanne H.*, at p. 1012; rule 8.450(d) [no extension of deadline permitted absent "exceptional showing of good cause"].)

Father filed his notice of intent on September 22, 2020, which was 11 days after the juvenile court's order setting a section 366.26 hearing. But where, as here, "the party was present at the hearing when the court ordered a hearing under . . . section 366.26, the notice of intent must be filed within 7 days after the date of the order setting the hearing." (Rule 8.450(e)(4)(A).) The notice's untimeliness was not identified until the Agency filed its response to father's petition on November 13. We then asked father to

---

[4] All further rule references are to the California Rules of Court.

explain why his failure to comply with rule 8.450(e)(4)(A)'s deadline should be excused and gave him seven days to submit a response, but he did not do so.

Since father has not shown good cause for the untimely filing of his notice of intent, we must dismiss his petition. He is therefore barred in any subsequent appeal from challenging the order setting a hearing under section 366.26. (§ 366.26, subd. (*l*)(2); *Roxanne H. v. Superior Court*, *supra*, 35 Cal.App.4th at pp. 1012–1013.) Our decision is final in this court immediately. (Rules 8.452(i), 8.490(b)(2)(A).)

_____
Humes, P.J.

WE CONCUR:


_____
Banke, J.


_____
Sanchez, J.


*Anthony D. v. Superior Court*  A160990


5