Filed 6/1/21  In re R.C. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re R.C., a Person Coming Under the Juvenile Court Law. | |
| SONOMA COUNTY HUMAN SERVICES DEPARTMENT,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>I.P.,<br><br>　　Defendant and Appellant. | A161821<br><br>(Sonoma County<br>Super. Ct. No. DEP5631) |

MEMORANDUM OPINION[1]

　　Isabel P. (Mother) petitions this court for extraordinary writ review of a juvenile court order setting a selection and implementation hearing under Welfare and Institutions Code section 366.26[2] for her son and stepson.

_____

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2] Further statutory citations are to the Welfare and Institutions Code. References to rules are to the California Rules of Court.

1

Mother contends the Sonoma County Human Services Department (Department) failed to provide her with reasonable services before the 18-month review hearing and that the court erred when it denied her request for presumed mother status in relation to her stepson.

The Department asserts the petition must be dismissed because Mother's notice of intent to file a writ petition was untimely. We agree. Mother has not offered any excuse for her failure to comply with the mandatory time limit, so we dismiss her petition.

## Background

The underlying facts are not relevant to our disposition. Briefly, in October 2018 the children were found to be dependents of the juvenile court based on sustained allegations of domestic violence, failure to protect, and Father's history of substance abuse and incarceration.[3] After a reunification period that extended over more than two years, at the December 30, 2020 18-month review hearing the juvenile court denied Mother's request for presumed parent status and found reasonable services had been offered and that the children could not safely be returned to her care. The court terminated reunification services, set a section 366.26 hearing, and advised the parents' counsel of the writ requirement.

## Discussion

A party who seeks writ review under section 366.26, subdivision (*l*), must first file a notice of intent to file a writ petition. (Rule 8.450(e).) The deadline to file a notice of intent varies depending on the manner by which the filing party received notice of the order setting the section 366.26 hearing. (Rule 8.450(e)(4).) This time requirement, which ensures that writ petitions are resolved before the section 366.26 hearing occurs, is mandatory.

---

[3] Father has not filed a petition challenging the juvenile court's order.

2

(*Roxanne H. v. Superior Court* (1995) 35 Cal.App.4th 1008, 1012.) Accordingly, while reviewing courts generally should decide such writs on their merits (rule 8.452(h)(1); §366.26, subd. (*l*)(4)(B)), an untimely notice of intent requires dismissal of the petition unless exceptional good cause is shown for the petitioner's lack of compliance. (*Jonathan M. v. Superior Court* (1995) 39 Cal.App.4th 1826, 1830-1831; *Roxanne H. v. Superior Court, supra,* at p. 1012; rule 8.450(d) [no extension of deadline permitted absent exceptional showing of good cause].)

Where, as here, "the party was notified of the order setting the hearing only by mail, the notice of intent must be filed within 12 days after the date the clerk mailed the notification." (Rule 8.450(e)(4)(B).) The clerk mailed Mother the notification on December 30, 2020, the day the court terminated reunification services and set the section 366.26 hearing. The court advised counsel of the writ requirement at the December 30 hearing. Mother's counsel filed a notice of intent on her behalf on January 13, 2021, 14 days after the clerk mailed her the notification. The Department raised its untimeliness in opposition to the petition and in a motion to dismiss the petition on that basis. Mother's deadline to respond has passed and she has provided no explanation for her failure to comply with rule 8.450(e)(4)'s deadline.

Since Mother has not shown good cause for her untimely filing of the notice of intent, we are required to dismiss the petition. She is barred in any subsequent appeal from challenging the order setting the hearing under section 366.26. (*Roxanne H., supra,* 35 Cal.App.4th at pp. 1012-1013; see § 366.26, subd. (*l*)(2).)

The stay this court imposed on April 9, 2021, is lifted. Our decision is final immediately. (Rules 8.452(i), 8.490(b)(2)(A).)

_____
Wiseman, J.[*]

WE CONCUR:


_____
Petrou, Acting P.J.


_____
Jackson, J.

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4